No. 25001.

THE PEOPLE OF THE STATE OF COLORADO *v.* CRAIG C. HIVELY.
(480 P.2d 558)

Decided February 8, 1971.

JAMES D. MCKEVITT, District Attorney, GREGORY A. MUELLER, Assistant, JARVIS W. SECCOMBE, Chief Deputy, THOMAS P. CASEY, Deputy, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, BRYAN MORGAN, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS is an interlocutory appeal from an order of the Denver District Court denying defendant-appellant's motions to suppress evidence seized by officers of the narcotics bureau of the Denver Police Department. Appellant was charged in two separate informations with possession of dangerous drugs for sale and with possession of dangerous drugs, both cases arising out of the same transaction. The motions to suppress were consolidated for argument.

The facts concerning the seizure were stipulated. At 12:10 a.m. on July 28, 1970, the Denver narcotics bureau received word by telephone from the sheriff's office of Redwood City, California, that a package containing dangerous drugs — LSD — was being shipped by air freight from San Francisco to Denver, addressed to one Craig C. Hively of Boulder, Colorado. The package was scheduled to arrive at 12:47 a.m. at Stapleton Airport.

As told to the Denver authorities by the California sheriff, the United Air Lines freight agent in San Francisco had received the package for shipment and because of the nature of the package, fearing it might contain a bomb, the freight agent and his foreman, on their own initiative, opened the package and observed five plastic bags containing purple-colored tablets (LSD). The sheriff was then notified. He removed one bag of tablets and marked the four remaining bags and the package was then placed in shipment for Denver.

In response to this information, Denver Detectives Martinelli and Martinez set up surveillance at the United Air Lines freight receiving office at Stapleton Airport. They were relieved at 9 a.m. by Detectives Frazinni and Ives who continued the surveillance until approximately 11:40 a.m. of the same day, when appellant, Craig Hively, appeared to claim the package. He signed the receipt and was given the package. The officers then placed him under arrest and the package was then seized.

It was additionally stipulated in the trial court that no search or arrest warrants had been issued by the California authorities. Likewise, there were no search or arrest warrants issued in Colorado.

■ Appellant's contention in the trial court and here is that the search and seizure of the package containing the drugs violated his rights under the Fourth Amendment to the United States Constitution and under section 7 of article II of the Colorado constitution. We do not agree and therefore affirm the ruling of the trial court denying the motions to suppress.

Appellant's argument in essence is that the initial search in California was without a warrant and was therefore unlawful. He contends that the information discovered by this search, which afforded the basis for the arrest and search in Denver, was "tainted" and could not therefore serve as the foundation for probable cause to make the arrest and seizure in Denver.

■ At the outset we note that appellant concedes

that United Air Lines freight personnel had the right and authority to make a reasonable inspection of packages accepted for shipment. The basic premise upon which appellant predicates his theory of unlawful search and seizure being untrue, the argument fails. United having the right to make its own independent investigation in its own interests — to protect lives and property from possible destruction from bombing — the search conducted by United's agents in San Francisco, without the instigation or participation of law enforcement officials, was a lawful private inspection. It was United's duty upon discovery of the contraband to notify the authorities. We do not agree under these circumstances that the source of the law enforcement officials' knowledge of the contraband and its impending shipment to Denver was "tainted" and could not thereafter be constitutionally acted upon.

 Appellant relies on *People v. McGrew*, 1 Cal. 3d 404, 82 Cal. Rptr. 473, 462 P.2d 1; *Abt v. Superior Court of Los Angeles County*, 1 Cal. 3d 418, 82 Cal. Rptr. 481, 462 P.2d 10; and *Corngold v. United States*, 367 F.2d 1. In each of these cases there was joint participation to some degree with police officials in the initial warrantless searches which were not conducted for the independent purposes of the airline but rather for law enforcement purposes. We follow the rationale of *Clayton v. United States*, 413 F.2d 297, and *Wolf Low v. United States*, 391 F.2d 61, where discovery of the contraband was the result of *private inspections* and therefore constitutionally permissible.

Appellant further argues that a warrant for an arrest or a search should have been obtained from the court in Denver prior to the arrest and seizure, as there were no exigent circumstances to require immediate police action. We find no merit to this argument.

 There was no requirement that the officers proceed to obtain a search warrant and to directly search and seize the package prior to appellant's appearing on

the scene, although undoubtedly probable cause existed for the issuance of a search warrant. Likewise, an arrest warrant was not appropriate as there were no facts to show that appellant had yet committed a criminal offense in Colorado. Arrest warrants are issued only on oath that the arrestee has committed a criminal offense. C.R.S. 1963, 39-2-3 and 7.

■ We hold that under the totality of circumstances the officers had probable cause to believe that a course of criminal conduct had been initiated in California, in which appellant was likely to become involved. When he appeared and claimed the package, he then became an active participant in the criminal conduct for which his arrest could be lawfully effected without a warrant. The search and seizure of the dangerous drugs, being incident to the lawful arrest, was likewise lawful.

The ruling is affirmed.