No. 24853

**The People of the State of Colorado v. Daniel Hankin**
(498 P.2d 1116)

Decided June 26, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Harry L. Hellerstein, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Daniel Hankin was found guilty of possession of narcotic drugs. On appeal, he urges reversal on several grounds. We do not find any of them to be meritorious and therefore affirm.

United Airlines freight personnel in San Francisco became suspicious of a package shipped to the defendant from San Francisco. A freight supervisor opened the package and discovered what appeared to be marijuana. After reclosing the package, the freight agent notified the San Mateo County Sheriff's Department and a deputy came to the freight terminal. He reopened the package and confirmed that it contained marijuana. The Denver Police Department was notified and after consultation, it was decided that the package would be sent on through to Denver. When the package arrived in Denver, the defendant was notified at approximately 2:15 in the morning that he had a package at the freight terminal. He came to pick it up around 8:30 the same day. As soon as the package was in the possession of the defendant, he was arrested by Denver detectives. A search of the defendant at the time of his arrest disclosed a slip of paper in his pocket bearing the name and address of the party sending the package and a small quantity of marijuana debris.

I.

Defendant first argues that his motion to suppress the physical evidence should have been granted because the "search" in California was not pursuant to a valid search warrant. Also, he contends that his arrest in Colorado was illegal because it was made without an arrest warrant. The defendant's arguments were rejected by this court in the recent similar case of *People v. Hively,* 173 Colo. 485, 480 P.2d 558 (1971).

II.

The defendant maintains that his motion for judgment of acquittal should have been granted at the close of the People's case because knowing possession of the narcotics had not been proven.

Under the circumstances of this case, knowing possession was the critical essential element to be proven by the People.

To prove it, the prosecution presented the following circumstantial evidence. A piece of paper found in the defendant's pocket contained the name and address of the sender in California. The name and address corresponded to the sender's name and address on the package and on the airbills accompanying the package. The freight agent who called the defendant to inform him of the package's arrival, and two police officers who heard the call, testified that the agent did not disclose this information to the defendant. The prosecution also introduced evidence showing that flakes of marijuana were found in defendant's pants pocket at the time of his arrest.

 Knowing possession of narcotic drugs may be established by circumstantial evidence. *Petty v. People,* 167 Colo. 240, 447 P.2d 217; *Mickens v. People,* 148 Colo. 237, 365 P.2d 679. Where the evidence of possession is wholly circumstantial, the trial judge must be satisfied that it excludes every reasonable hypothesis of innocence before he can submit the case to the jury. *Petty v. People, supra. See* generally *Pieramico v. People,* 173 Colo. 276, 478 P.2d 304. In our recent case of *Nunn v. People,* 177 Colo. 87, 493 P.2d 6 (1972), we used the following language, which, in our view, is particularly applicable to the circumstantial evidence presented by the People in the instant case:

"When the trial court denied the defendant's motion for acquittal, it, in effect, ruled that the circumstantial evidence presented by the People was entirely consistent with the defendant's guilt and that upon any reasonable hypothesis, this evidence was not also consistent with the defendant's innocence. On this premise, it was therefore solely the jury's function to determine whether all the evidence established the guilt of the defendant beyond a reasonable doubt. This conforms to our view of this evidence which amply supports the jury's verdict."

### III.

The defendant's next assignment of error is that the trial court abused its discretion in allowing police officers employed in the crime laboratory to testify as experts. We do not agree.

 The matter of qualification of an expert witness is within the sound discretion of the trial judge and his ruling will not be disturbed on review absent a clear showing of abuse. *Stork v. People,* 175 Colo. 324, 488 P.2d 76; *White v. People,* 175 Colo. 119, 486 P.2d 4. Defendant's assertion, that the police technicians who testified were not experts, is based on what these witnesses did not know rather than what they did know. The record shows that both technicians had qualifications as experts in identification of marijuana based on technical training and pre-trial experience. The trial judge did not abuse his discretion in allowing them to testify as experts. Moreover, the jury was adequately instructed on the weight to be given expert testimony and opinion evidence.

## IV.

 The defendant claims that he was entrapped into the commission of this crime and therefore his conviction should be set aside. We find no merit to this argument. Entrapment exists only where police officers have been the creative force in instigating the offense, the commission of which was not in the mind of the accused prior to the entrapment. *Mora v. People,* 172 Colo. 261, 472 P.2d 142; *Gonzales v. People,* 168 Colo. 545, 452 P.2d 46; *Reigan v. People,* 120 Colo. 472, 210 P.2d 991.

 The police officers did not entrap this defendant; they did not place defendant's name on the package or instigate the shipping of the package. So long as the police conduct falls short of actual instigation of a crime as in this case, the entrapment claim is completely lacking in support. *Patterson v. People,* 168 Colo. 417, 451 P.2d 445.

## V.

 The defendant states that the court's Instruction No. 7 on credibility of witnesses unfairly singled out the defendant. This court has repeatedly held that while it is unnecessary and poor practice to give the jury a separate instruction on the credibility of the defendant as a witness, the giving of such an instruction does not constitute reversible error. *Fernandez v. People,* 176 Colo. 346, 490 P.2d 690; *Hinton v. People,* 169 Colo. 545, 458 P.2d 611, *cert. denied,* 397 U.S. 1047, 90 S.Ct. 1375, 25 L.Ed.2d 659.

## VI.

 The defendant also asserts that the trial court failed to properly instruct the jury on circumstantial evidence. The court's Instruction No. 12 read in pertinent part:

"In order to convict a defendant upon circumstantial evidence, the jury must be satisfied beyond a reasonable doubt of the guilt of the defendant, or, in other words, the circumstances proven must not be consistent with the innocence of the defendant within a reasonable doubt."

The defendant's objection to this instruction is that it did not include the language that "the circumstances relied upon must be consistent with guilt and inconsistent with any reasonable hypothesis of innocence." In various cases, this court has approved of both the inclusion and the omission of the language sought here. *See e.g., Pieramico v. People,* 173 Colo. 276, 478 P.2d 304 (language included) and *Walker v. People,* 126 Colo. 135, 248 P.2d 287 (language omitted). Instruction No. 12 is not a model of clarity, and the language contended for by the defendant is perhaps a better statement of the law. However, it is our view that this instruction did convey the essence of the law to be applied in regard to circumstantial evidence, and that when all the instructions are read as a whole, the defendant was not prejudiced by the omission of the requested language.

## VII.

 Our recent decision in *Sergent v. People,* 177 Colo. 354, 497 P.2d 983, is fully dispositive of the defendant's contention that reversal is required because of the trial court's failure to grant his motion for a preliminary hearing. It is noteworthy to state that at the time of this charge our criminal rules did not, as they do now, require a preliminary hearing upon request. *See* also *Falgout v. People,* 170 Colo. 32, 459 P.2d 572 and *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387.

Judgment affirmed.

MR. JUSTICE ERICKSON not participating.