No. 24633

**Bert Darrough Ramsey v.
The People of the State of Colorado**
(498 P.2d 1148)

Decided July 17, 1972.

Thatcher Shaw, Gerald McC. Franklin, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, Tennyson W. Grebenar, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

Defendant Bert Ramsey was convicted of unlawful possession of marijuana for purposes of sale. C.R.S. 1963, 48-5-20. Defendant appeals on the ground, among others, that the evidence was insufficient to convict and the defendant's motion for acquittal should have been granted. We agree with defendant's basic contention and therefore reverse without reaching the other assignments of error.

Defendant was arrested on June 26, 1969, when he appeared at the Grand Junction airport to claim a suitcase which contained marijuana. Prior to his arrest the Grand Junction police had received information from the Sheriff of San Mateo County, California, that the suitcase was being shipped "to Ron Weller, Grand Junction, Colorado," in care of a Grand Junction phone number. The suitcase was shipped by "Bob Walters, Stateline, California." It arrived at about 9:00 p.m. The police instructed airport officials to deliver the suitcase to whomever called for it. Investigation revealed that the phone number belonged to a Grand Junction family named McKenzie; an attached waybill indicated that the suitcase could be delivered either to Ron Weller or to Gary

McKenzie. At 9:45 p.m. the defendant arrived and claimed the bag in his own name. He was arrested immediately.

A Frontier Airlines freight agent testified that defendant and another man had inquired about the suitcase earlier in the day and that Ramsey left a phone number and requested that he be called when the bag arrived.

Defense witness, Doris McKenzie, testified that she was the mother of two sons, Gary and Terry McKenzie. She stated that defendant was a friend of her sons and had been their house guest on June 26. Further, on the day in question, she had informed Terry of a message requesting that Gary or Terry pick up a suitcase arriving at the Grand Junction airport. She testified that Terry was involved with drugs but asserted that Gary — named on the waybill — was not.

Ramsey testified that he had gone to the airport with each of the McKenzie boys in order to put them on planes to Denver. Terry had asked him to pick up a suitcase which was being sent to Gary. The defendant denied any knowledge of Terry's involvement with drugs or of the contents of the suitcase. Defendant also denied any knowledge of "Ron Weller." He stated that his intent was simply to comply with Terry McKenzie's request to pick up the suitcase and deliver it to the McKenzie household.

 Ramsey contends that the People's evidence cannot support his conviction since it does not show knowing possession. We agree. In the instant prosecution the evidence of guilt was entirely circumstantial. Accordingly, before this case could be submitted to the jury, it was necessary that the trial court find that the evidence excluded all reasonable hypotheses of innocence. *Macias v. People,* 174 Colo. 437, 484 P.2d 782; *Drahn v. People,* 174 Colo. 157, 483 P.2d 209; *Petty v. People,* 167 Colo. 240, 447 P.2d 217.

*Petty v. People, supra,* is inappositely cited for the proposition that knowledge can be inferred from naked possession. That case dealt with a different kind of knowledge. There the discovery of marijuana in a box containing the personal effects of the defendant clearly indicated that the defendant knew of the existence of the marijuana. From

knowing possession the jury could properly infer a knowledge of the narcotic character of the drug. Here we are concerned with *knowledge of the existence or presence* of marijuana in the suitcase which had been shipped to third parties — not its *character*.

A recent decision by this court, *People v. Hankin,* 179 Colo. 70, 498 P.2d 1116, upholding the defendant's conviction, graphically demonstrates the reverse application of the circumstantial evidence rule. *Hankin* involved an air freight shipment from California to Colorado, just as in the instant case. Also, as here, the airline employees at point of shipment discovered the contraband and notified local California police officers who in turn notified their counterparts at the receiving end of the shipment. In *Hankin* the arrest followed a pattern similar to the instant arrest. However, *Hankin* is distinguishable in two important aspects. The package was addressed to Hankin and at the time of his arrest, Hankin asked for a package shipped to him by the person whose name appeared on the package as the sender. The sender's name had not been disclosed to Hankin by the airline employee who telephoned to advise him of the package's arrival in Colorado. Also, a piece of paper found in Hankin's pocket at the time of his arrest contained the name and address of the California sender which corresponded with the sender's name and address on the package and on the shipping papers which accompanied the package.

In the instant case, the package was not addressed to Ramsey, he was not a local resident of Grand Junction, and there was no evidence to show that the defendant had any information except that which he had obtained from members of the McKenzie family. The defendant's story is plausible even if the trial court gives full credence to the People's evidence.

The evidence taken in the light most favorable to the porsecution here does not show circumstantially that the defendant knew of the shipment nor of its contents. Ramsey's theory is that he was the unwitting dupe of either his friend or some unknown person. On the basis of all the

176

evidence, this constitutes a reasonable hypothesis of inno-
cence. The People had a burden to present some evidence
which, if believed, would exclude this hypothesis. This is
failed to do.

The judgment is reversed and the trial court is directed to
discharge the defendant.

MR. JUSTICE DAY, MR. JUSTICE GROVES, and MR.
JUSTICE ERICKSON concur.