No. 25087

### The People of the State of Colorado v. Kristen Elizabeth Larsen
(503 P.2d 343)

Decided November 20, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Carmel A. Garlutzo, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Larsen was found guilty by a jury of possessing marijuana. On appeal, she contends that the trial court erroneously denied her motion for a judgment of acquittal. We agree with this contention. The evidence is insufficient, as a matter of law, to sustain the guilty verdict. The judgment of the trial court is therefore reversed. Because of this disposition on the ground of insufficient evidence, it is unnecessary to consider the other assignments of error posed by the defendant.

The United States Customs agents intercepted a package of marijuana mailed from Korea and addressed to Annette Mondragon, Alamosa, Colorado. It bore no return address. After verifying the contents as marijuana, the package was sent through post office channels to its destination. The package was closely followed by a customs agent and police officers armed with a search warrant.

After receiving delivery from the post office of this package, Miss Mondragon was confronted by the police at her apartment in Alamosa. She explained that the still unopened package was not hers but instead belonged to the defendant. She stated that the defendant had asked permission to use her address to receive a package and that this was necessitated because of careless handling of packages at the college dormitory where defendant resided.

The officers instructed Miss Mondragon to call the

defendant and ask her to pick up the package. When the defendant arrived, Miss Mondragon, on instructions from the police, told her that her "package of marijuana" was here. The defendant was immediately arrested next to the kitchen storage bin where the package had been placed by Miss Mondragon. It is clear from all the prosecution's evidence that the time lapse between the defendant's observance of the package in the kitchen storage bin and her arrest was so brief as to preclude any utterance by the defendant which might have been indicative of whether or not she had knowledge of the package's contents.

The evidence is contradictory as to whether or not the defendant had taken the package into her hands prior to arrest. Miss Mondragon testifying for the prosecution stated that the package was still in the storage bin at the time of the defendant's arrest and that she had no question in her mind that this was the situation. The arresting officers, however, indicated that at the time they arrested the defendant, the package was in her hands. Assuming the defendant at the time of arrest had the package in her hands, it appears clear from the evidence that it was only for the briefest time. The police who were hiding in an adjacent room arrested the defendant before she would have had any time to examine the package or its contents.

In cases like this, the prosecution must present some evidence which either directly or indirectly shows that the person charged with possession of marijuana had knowledge before the arrest that the package involved contained marijuana. When we reversed a similar conviction in *Ramsey v. People*, 179 Colo. 172, 498 P.2d 1148 (1972), we, in effect, held that it was essential that some evidence be presented showing knowledge by the defendant of the existence of marijuana in the container. In *Ramsey,* the defendant was arrested when he claimed a suitcase which was being shipped to another person. Here, also, the package which had been mailed in Korea was not directed to the defendant. In *Ramsey,* as here, the defendant was arrested immediately upon taking the suitcase in his hands. Also, in *Ramsey,* as

here, there was no other circumstantial evidence from which the jury could reasonably infer that the defendant, at the time he took possession of the container, had knowledge of its contents.

In *People v. Hankin,* 179 Colo. 70, 498 P.2d 1116 (1972), the defendant's conviction was affirmed in a situation where he had called at an airline freight office for a package which had been found to contain marijuana. In *Hankin,* however, there was sufficient circumstantial evidence from which a jury could conclude that at the time of claiming the package and taking the package into his possession, the defendant had knowledge that it contained marijuana. These circumstances included the fact that the package itself was addressed to the defendant and the defendant had in his possession a slip of paper bearing the name and address of the party sending the package from an address in California. In *Hankin,* the prosecution also introduced evidence showing that flakes of marijuana were found in the defendant's pockets at the time of his arrest. In the instant case, we have scrutinized all the evidence and viewing it in the light most favorable to the prosecution, we must say that it is insufficient to support a verdict of guilty against this defendant.

We fully considered the arguments advanced by the Attorney General who contends that the arrangement made by the defendant to have a package mailed to Miss Mondragon's address and certain statements which the defendant made after arrest are sufficient circumstantial evidence upon which the jury could conclude that this defendant knew that the package contained marijuana at the time she may have had it in her hands prior to arrest.

■■ In our analysis of these items of evidence, we note first with respect to the arrangement for delivery of the package that Miss Mondragon's testimony presented by the prosecution was that the arrangement was made because mailed packages had been handled carelessly at the college dormitory where the defendant resided. In this regard, the defendant testified that a previous package from a boyfriend contained a vase. The package was smashed at the dormitory

before she received it. She therefore made this arrangement because a hometown friend in the service in Korea had written and told her that he intended to send her a birthday present because of her thoughtfulness in sending him a box of cookies. This arrangement, and the reason therefor, make up an item of circumstantial evidence which may not be a basis for conviction because it fails to preclude any reasonable hypothesis of innocence. *See People v. Vigil,* 180 Colo. 104, 502 P.2d 418.

As to the several statements attributed to the defendant after her arrest, we do not agree that these statements in any conceivable way are reflective of the fact that at the time this defendant was arrested she knew the package contained marijuana.

Judgment reversed and cause remanded with directions to grant the defendant's motion for judgment of acquittal.

MR. CHIEF JUSTICE PRINGLE does not participate.

MR. JUSTICE GROVES concurs in the result.