## No. 25325

**The People of the State of Colorado v. Edward R. Bennett**
(515 P.2d 466)

Decided October 29, 1973. Rehearing denied November 19, 1973.

126

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

A jury convicted defendant-appellant, Edward R. Bennett, for possession of a dangerous drug, LSD (1969 Perm. Supp., C.R.S. 1963, 48-8-2), and for possession of a narcotic drug, marijuana (C.R.S. 1963, 48-5-2). On appeal, the defendant asserts that he is either entitled to a judgment of acquittal or a new trial. We affirm.

## I.
### The Facts

The events which led to the filing of charges against the defendant focused on a box which contained marijuana and LSD. The box had been shipped from Los Angeles to James F. Cooper at a Denver address. The person who delivered the box to the airline for shipment attracted the attention of the

airline's freight agent by his appearance, his nervous manner-isms, and his request that the box be sent on a particular flight. As a result of recent bomb threats against aircraft, the freight agent suspected that the box contained a bomb and, in accordance with Civil Aeronautics Board Regulations, directed that the package be searched. The search produced the narcotics and dangerous drugs in issue, rather than a bomb. When the drugs were found, the freight agent notified the Los Angeles police, who, in turn notified the Denver police who arranged for a stake-out.

When the box arrived in Denver, the defendant appeared at the air freight office, signed for the package under the name of James F. Cooper, produced identification cards to prove his identity, and left the freight office with the box. The police stopped the defendant as he was entering his car, advised him that he was under arrest for possession of narcotics and dangerous drugs, and conducted a search of his person which produced a draft card and a credit card issued in the name of James F. Cooper. The defendant denied that he knew what was in the box and when told that the box contained marijuana and LSD said that he had been "set up," and did not want to talk about it. The defendant also informed the police that he was not Cooper.

The prosecution produced the evidence which we have summarized and rested its case. The defendant moved for a judgment of acquittal, and when his motion was denied rested his case. In determining whether the trial court should have granted the defendant's motion for a judgment of acquittal or a new trial, for prosecutorial misconduct, we must review the law in depth.

## II.
### Motion for a Judgment of Acquittal

 When a trial judge is confronted with a motion for a judgment of acquittal at either the close of the prosecution's case or the close of all of the evidence, he must determine whether the evidence before the jury is sufficient in both quantity and quality to submit the issue of the defendant's guilt or innocence to the jury. The duties of the trial judge

are set out in the *American Bar Association Standards for Criminal Justice Relating to Trial by Jury:*

"4.5 Motion for judgment of acquittal.

"(a) After the evidence on either side is closed, the court on motion of a defendant or on its own motion shall order the entry of a judgment of acquittal of one or more offenses charged if the evidence is insufficient to sustain a conviction of such offense or offenses. Such a motion by the defendant, if not granted, shall not be deemed to withdraw the case from the jury or to bar the defendant from offering evidence.

"(b) If the defendant's motion is made at the close of the evidence offered by the prosecution, the court may not reserve decision on the motion. If the defendant's motion is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict."

To withstand a motion for a judgment of acquittal, the prosecution has the burden of establishing a prima facie case of guilt and must introduce ". . . sufficient evidence to establish guilt beyond a reasonable doubt, no more, no less, . . ." *Corbett v. People,* 153 Colo. 457, 387 P.2d 409 (1963). In passing upon a motion for a judgment of acquittal, the trial judge should not attempt to serve as a thirteenth juror or invade the province of the jury, but should prevent a case from being submitted to the jury when the prosecution has failed to meet its burden of proof.

The issue before the trial judge is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. *United States v. Ortiz,* 445 F.2d 1100 (10th Cir. 1971), *cert. denied,* 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545 (1971); *Lewis v. United States,* 420 F.2d 1089 (10th Cir. 1970); *Curley v. United States,* 160 F.2d 229 (D.C.Cir. 1947), *cert. denied,* 331 U.S.

837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). The substantial evidence test which we have stated and now adopt is followed by a great majority of federal courts and differs from our present rule in one major respect. The substantial evidence test affords the same status to both direct and circumstantial evidence. *See* 2 *C. Wright, Federal Practice and Procedure,* § 467 at 257, 258. In recognizing this test, we now cast aside as outmoded and as confusing the requirement that the prosecution's evidence, when wholly circumstantial, must exclude every reasonable hypothesis other than that of guilt and no longer require such an instruction or such a test to be applied.[1] The Supreme Court of the United States provided a foundation for the substantial evidence test and eliminated the distinction relating to the weight to be afforded circumstantial evidence in *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), and said: "Circumstantial evidence . . . is intrinsically no different from

---

[1] As a result of·this decision, Colorado Jury Instructions, Criminal 4:1, is now withdrawn, along with the "Notes on Use" and "Source and Authority," and in lieu thereof the following instruction, "Notes on Use," and "Source and Authority" are substituted:

"4:1 DIRECT AND INDIRECT (CIRCUMSTANTIAL) EVIDENCE — DEFINED

"There are two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence — such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of facts or circumstances from which the existence or non-existence of other facts may reasonably be inferred.

"As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.

"*Notes on Use*

"This instruction should be given in all criminal cases.

"*Source and Authority*

"This instruction and the notes on use have been approved in *People v. Bennett,* Colorado Supreme Court Decision 25325, announced October 29, 1973. *Devitt & Blackmar, Federal Jury Practice and Instructions,* § 11.02 (1970). *Contra, People v. Lopez,* 182 Colo. 152, 511 P.2d 889 (1973); *People v. Calise,* 179 Colo. 162, 498 P.2d 1154 (1972)."

132

testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence . . . ."

The same test for measuring the sufficiency of evidence should apply whether the evidence is direct or circumstantial. *Holland v. United States, supra; United States v. Warner,* 441 F.2d 821 (5th Cir. 1971).

In passing on the motion, the trial judge is required to give full consideration to the right of the jury to determ..: · the credibility of witnesses, the weight to be afforde(' evidence, as well as the right to draw all justifiable inferences of fact from the evidence. When viewing the evidence in that light, the trial judge must determine whether a reasonable mind would conclude that the defendant's guilt as to each material element of the offense was proven beyond a reasonable doubt. If the evidence is such that reasonable jurors must necessarily have a reasonable doubt, the judge must direct an acquittal, because no other result is permissible within the scope of the jury's function. *Curley v. United States, supra. Accord, Maguire v. United States,* 358 F.2d 442 (10th Cir. 1966), *cert. dismissed,* 385 U.S. 801, 87 S.Ct. 9, 17 L.Ed.2d 48 (1966). *See,* Crim. P. 29; *People v. Larsen,* 180 Colo. 140, 503 P.2d 343 (1972); *McClendon v. People,* 174 Colo. 7, 481 P.2d 715 (1971). *See also, Lewis v. United States, supra; People v. Lopez, supra; Devitt & Blackmar, Federal Jury Practice and Instructions,* § 11.02 (1970).

It is unlawful under both C.R.S. 1963, 48-5-2 (marijuana), and 1969 Perm. Supp., C.R.S. 1963, 48-8-2 (LSD), to possess or to be in possession of marijuana or LSD. However, in construing C.R.S. 1963, 48-5-2, we have held that to constitute possession, the defendant must knowingly intend to possess marijuana. *People v. Larsen, supra; Ramsey v. People,* 179 Colo. 172, 498 P.2d 1148 (1972); *Duran v. People,* 145 Colo. 563, 360 P.2d 132 (1961). The burden of proving that the defendant knowingly or intentionally possessed marijuana or LSD clearly falls upon the prosecution.

The circumstances upon which the prosecution relies

in this case to show that the defendant knowingly intended to possess marijuana and LSD were sufficient to create an issue for the jury. The defendant appeared at the airline freight office at the appointed time, produced identification to show that he was James F. Cooper, and signed the name James F. Cooper to obtain possession of the box. His self-serving statement that he had been "set up" after the arrest occurred was not sufficient to cause the defendant to escape resolution of the issue of guilt or innocence by the jury. The prosecution's evidence was sufficient to forge a link that eventually created a chain of circumstances that established the defendant's connection to the shipment of the box and his possession of the illicit drugs and narcotics. *People v. Hankin,* 179 Colo. 70, 498 P.2d 1116 (1972). *Cf. Ramsey v. People, supra.*

### III.
### Prosecutorial Misconduct

The defendant contends that the introduction into evidence of the statements which he made to Officer Metros and the district attorney's closing argument tainted his trial, denied him his constitutional right to remain silent, and require us to grant him a new trial. We do not agree.

The statements which the defendant made to the arresting officer were made after he was given a full *Miranda* warning. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Moreover, the circumstances under which the statements were admitted into evidence rob the defendant's contention of all constitutional impact.

In complying with the mandate of *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the trial court conducted an *in camera* hearing to determine whether the defendant's statements to Officer Metros could be considered by the jury. Defense counsel did not object to the testimony that the defendant had been "set up" and that he did not want to talk about it, and only asked that the defendant's statement that he did not want to talk about it not be repeated over and over again. The prosecution then asked Officer Metros to state what the defendant said,

and the officer testified to his conversation with the defendant. When the case was submitted to the jury, the district attorney was free to comment upon the evidence which was properly before the jury, and he argued that the only evidence before the jury was that which the prosecution presented. *See Edwards v. People,* 151 Colo. 262, 377 P.2d 399 (1962). Under the circumstances of this case, the admission of the statement and the prosecution's argument was not error. *State v. Propp,* 104 Ariz. 466, 455 P.2d 263 (1969). *See American Bar Association Standards for Criminal Justice Relating to The Prosecution Function* § 5.8. Moreover, the jury was instructed that the failure of the defendant to testify was not to be considered as evidence of guilt. *Martinez v. People,* 162 Colo. 196, 425 P.2d 299 (1967).

In determining that the defendant's claim does not have constitutional support in this case, we are guided by sound precedent. The defendant's claim that his right to remain silent was violated in this case has been defined in a number of cases. *Miranda v. Arizona, supra; Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). However, the right to remain silent, guaranteed to the defendant under both the Fifth and Fourteenth Amendments to the United States Constitution, and under Article II, Section 18 of the Colorado Constitution, may be waived. *Miranda v. Arizona, supra; United States v. Cook,* 432 F.2d 1093 (7th Cir. 1970). In this case, a waiver occurred at the *in camera* hearing. It is also significant that defense counsel made no objection to the prosecutor's closing argument and did not raise the issue in his motion for a new trial. *Bizup v. People,* 150 Colo. 214, 371 P.2d 786 (1962); *Gray v. People,* 139 Colo. 583, 342 P.2d 627 (1959).

We have reviewed the remaining points raised by the defendant and have concluded that reversible error did not occur.

Accordingly, we affirm.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES concur in the result.

MR. CHIEF JUSTICE PRINGLE concurring in result only:
I concur in the result of this case only.

In my view, the rule of law announced in *People v. Calise,* 179 Colo. 162, 498 P.2d 1154 (1972), and *People v. Lopez,* 182 Colo. 152, 511 P.2d 889 (1973), which the majority overrules by its opinion today, states a humane and correct principle. I would not depart from this rule which has been so long established in this state, and, in my view, affords some protection against the conviction of an innocent person upon wholly circumstantial evidence.

MR. JUSTICE GROVES authorizes me to state that he joins in this concurrence.