No. 25843

**The People of the State of Colorado v. Thor V. Jorgenson**
(523 P.2d 121)

Decided June 10, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas,

Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

Opinion by MR. JUSTICE ERICKSON.

The defendant, Thor V. Jorgenson, was convicted of refusing to make available certain records concerning dangerous drugs to representatives of the State Board of Pharmacy, as required by 1969 Perm. Supp., C.R.S. 1963, 48-8-5 and 1969 Perm. Supp., C.R.S. 1963, 48-8-2(7). The defendant has appealed his conviction on the ground that the People failed to prove that his conduct came within the prohibition of the statute. We agree and reverse with directions that the defendant's motion for a judgment of acquittal be granted.

In March of 1971, representatives of the State Board of Pharmacy appeared at Jorgenson's place of business in Frisco, Colorado, and demanded that Jorgenson produce his files and records relating to dangerous drugs. *See* 1969 Perm. Supp., C.R.S. 1963, 48-8-4 and 48-8-5. For reasons which are unclear from the record, the defendant refused.

The sole question before us is whether the defendant's motion for a judgment of acquittal should have been granted because of the prosecution's failure to prove that the defendant was a "practitioner" subject to the requirements of the statute. The prosecution had the burden of proving that the defendant was a "practitioner" subject to the disclosure requirements of 1969 Perm. Supp., C.R.S. 1963, 48-8-5. "Practitioner" is defined by 1969 Perm. Supp., C.R.S. 1963, 48-8-1(6) as:

" 'Practitioner' means a person authorized to practice medicine, veterinary medicine, or dentistry, or any other person who is authorized by the laws of this state to prescribe drugs acting within the scope of such authorization."

The prosecution attempted to show that Jorgenson was authorized to practice medicine, but did not offer a certified record, or other admissible evidence. As a result, the trial

court properly upheld the defense objection to the competency of the evidence.

The record before us is entirely devoid of evidence, either direct or circumstantial, from which it could be concluded beyond a reasonable doubt that Jorgenson was authorized under the laws of this state to practice medicine or prescribe drugs. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

The burden of proof, in a criminal case, is on the prosecution to prove each and every element of the crime charged beyond a reasonable doubt. *People v. Vinnola,* 177 Colo. 405, 494 P.2d 826 (1972); *Leonard v. People,* 149 Colo. 360, 369 P.2d 54 (1962). The prosecution failed to prove that the defendant was a "practitioner" who was subject to the mandatory disclosure requirements of 1969 Perm. Supp., C.R.S. 1963, 48-8-5.

Accordingly, we reverse and remand with directions to the trial court to grant Jorgenson's motion for judgment of acquittal.

MR. JUSTICE DAY, MR. JUSTICE GROVES, and MR. JUSTICE LEE concur.