### No. 25969

### The People of the State of Colorado v. Kenneth Steve Eades, a/k/a "Kenny"
(528 P.2d 382)

Decided November 25, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, Forest W. Lewis, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Kenneth Steve Eades, hereinafter referred to as defendant, and one Michael Lloyd Stone were jointly tried and convicted of dispensing a dangerous drug (amphetamine) in violation of 1969 Perm. Supp., C.R.S. 1963, 48-8-2(2)(a). Defendant alone has taken this appeal on two grounds. First, that the evidence was insufficient to support a finding of guilt and hence the court erred in not granting defendant's motion for a judgment of acquittal. Second, the trial court erred in failing to instruct the jury on the law relating to circumstantial evidence. We agree with the trial court and affirm.

■ The essential facts and events leading to the defendant's arrest were in dispute at trial. However, since we are required to view the evidence in the light most supportive of the jury's verdict, for purposes of this appeal, we accept the following tes-

timony as offered by Officer William J. Robertson of the Colorado Springs Police Department.

On June 2, 1972, at approximately 7:40 p.m., Officer Robertson, an undercover narcotics agent, was introduced to Michael Stone by a confidential informant. The meeting occurred in the courtyard of a Colorado Springs' motel in which both Stone and the defendant resided. Officer Robertson expressed an interest in purchasing 200 amphetamine tablets and after a short discussion, Stone walked across the courtyard to his parked automobile in which the defendant was sleeping. Stone woke the defendant and the two conducted a brief conversation which Officer Robertson was unable to overhear. The defendant thereupon extended his arm through the car window handing Stone two plastic bags. From his vantage point, at the rear of the car, Officer Robertson could not discern whether the defendant obtained these bags from his person or from elsewhere within the car. With bags in hand, Stone accompanied Officer Robertson to another point in the courtyard where Officer Robertson then exchanged $30 in marked official funds for the plastic bags. It was determined that the plastic bags contained a quantity of amphetamine tablets.

Stone advised the officers he would be able to sell them larger quantities in the future, so they decided not to immediately arrest either Stone or the defendant in the hope of learning their source of supply. Instead, Officer Robertson and another member of the police force attempted on three different occasions to meet with Stone to discuss the possibility of making purchases of larger quantities. On one such occasion, the police officers being unable to locate Stone, contacted the defendant in his stead. With reference to this encounter, Officer Robertson testified on cross-examination that

"[a]t the time I contacted Mr. Eades [the defendant] he said Mr. Stone was out trying to find his supplier and get the supply but that they were having trouble."

The defendant and Stone were arrested on June 8, 1972, when the police learned of their intent to journey outside of the state.

Defendant challenges the sufficiency of this evidence to prove his guilt beyond a reasonable doubt. More particularly, defendant

questions whether the evidence sufficiently demonstrates that he had knowledge of the contents of the bags he handed Stone.

■ There is direct evidence that the defendant had possession of the contraband. He contends, however, that there is no evidence that he had knowledge that the plastic bags contained amphetamine tablets. We recognized in *People v. Larsen,* 180 Colo. 140, 503 P.2d 343 (1972), in *Ramsey v. People,* 179 Colo. 172, 498 P.2d 1148 (1972) and, also, in *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973), that to convict one of possession of a narcotic drug that the possession must be with knowledge of the nature of the thing possessed. The same rationale applies to the charge of dispensing narcotic drugs.

■ The participation of the defendant here in the sale, standing alone, is somewhat equivocal. However, coupled with the fact that the defendant lived in the same motel unit with Stone and knew that Stone was trying to find the supplier to obtain more drugs, "but that they were having trouble," are strong circumstances and justify the jury's conclusion that Eades had knowledge of the nature of the contents of the plastic bags which were being sold to Officer Robertson.

■ The test of sufficiency of the evidence is whether the relevant evidence, viewed in its totality and in the light most supportive of the jury's verdict is sufficient to support a conclusion in the minds of reasonable men that the defendant was guilty beyond a reasonable doubt. *People v. Bennett, supra; Dodge v. People,* 168 Colo. 531, 452 P.2d 759 (1969), and cases cited therein.

■ The defendant also assigns error on the ground that the trial court failed to instruct the jury on the applicable standard in determining the sufficiency of circumstantial evidence. However, the defendant did not tender an instruction on circumstantial evidence nor did he, in his motion for new trial, assign as error the court's failure *sua sponte* to so instruct. He asserts for the first time on appeal that the court's failure to specifically instruct as to circumstantial evidence constituted plain error. We do not consider the court's failure in this instance to be plain error in that the defendant's substantial rights have not been affected. Crim. P. 52(b). *People v. Morant,* 179 Colo. 287, 499 P.2d 1173 (1972); *McRae v. People,* 101 Colo. 155, 71 P.2d 1042 (1937). Since

there was no plain error, we adhere to the age old rule, which has been applied to the failure to instruct the jury concerning circumstantial evidence, that only questions presented in the motion for new trial will be considered on review. *Lamb v. People,* 181 Colo. 446, 509 P.2d 1267 (1973); *Bynon v. Morrison & Morrison, Inc.,* 169 Colo. 384, 456 P.2d 747 (1969); *Dickson v. People,* 82 Colo. 233, 259 P. 1038 (1927).

The judgment is affirmed.

MR. JUSTICE ERICKSON dissents.