# JANUARY TERM, 1976

## No. 26367

### The People of the State of Colorado v. Robert Darwin Quick

(544 P.2d 629)

Decided January 12, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, John R. Rodman, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, William S. Schurman, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

■ This is an appeal from a conviction for possession of a narcotic drug. 1971 Perm. Supp., C.R.S. 1963, 48-5-2.[1] The defendant's sole ground for reversal relates to the underscored portion of the following instruction given by the trial court over the objection of the defendant:
"A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware, *or reasonably should be aware,* that his conduct is of that nature or that the circumstance exists." (Emphasis added.)[2]
We hold that the instruction was erroneous and, therefore, reverse.

Although the trial transcript is not part of the record on this appeal, it is apparent from the briefs that this is a situation of non-exclusive possession.

■ It is recognized by the attorney general that "the offense of possession of a narcotic drug requires a culpable mental state of knowingly," even though the drug possession statute does not specify a particular element of culpability. This position is consonant with our holdings: (1) that the accused, in fact, must have *knowledge* that he was in possession of a narcotic drug, *People v. Theel,* 180 Colo. 348, 505 P.2d 964 (1973); *Ramsey v. People,* 179 Colo. 172, 498 P.2d 1148 (1972); (2) that he must have *knowledge* that the package under his control contained a narcotic drug, *People v. Larsen,* 180 Colo. 140, 503 P.2d 343 (1972); (3) that he must *knowingly* intend to possess a narcotic drug, *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973); and (4) that he must *know* that the object possessed is a narcotic drug and he must *intend* to possess it. *Duran v. People,* 145 Colo. 563, 360 P.2d 132 (1961).

However, the attorney general argues that:
(1) ". . . Because of the possibility of passive possession in a narcotic drug situation the 'or reasonably should be aware' language permits the fact finder to deal more realistically with the culpable mental state of a particular defendant and to consider a wide spectrum of elements in determining the subjective knowledge of the defendant."
(2) Further, the challenged language is merely a recognition by the legislature that the fact finder may consider circumstantial evidence in finding that the defendant acted "knowingly."

---

[1] Now section 12-22-302, C.R.S. 1973.
[2] This is the exact language from the statutory definition of "knowingly" in the Criminal Code. 1971 Perm. Supp., C.R.S. 1963, 40-1-601(7) (Now section 18-1-501(6), C.R.S. 1973). *See also Colorado Jury Instructions (Criminal)* 6:1(2).

The defendant, on the other hand, maintains that since the narcotic drug act is not a part of the Colorado Criminal Code the codified definition included in the court's instruction is not applicable to the offense charged.

Section 18-1-501, C.R.S. 1973 of the Criminal Code[3] provides in part:

"*Definitions.* The following definitions are applicable to the determination of culpability requirements *for offenses defined in this code*:

(6) 'Knowingly' . . . . '' (Emphasis added.)

■ We dispose of this case on the basis that the narcotics act is not governed by the definitions in the Criminal Code. Therefore, we do not reach the question of the validity of the definition of knowledge as applied to crimes contained in the Criminal Code.

There is no clear indication that the legislature, in enacting the new Criminal Code, intended to change the culpability element of possession of a narcotic drug[4] as stated by our prior case law. This is apparent in view of the fact that it has amended the narcotics act on several recent occasions without in any way indicating a desire to change the elements of the crime of drug possession as established in the case law. As noted above, the attorney general concedes this much.

The attorney general's first argument that the challenged language "permits the fact finder to deal more realistically with the culpable mental state . . . and to consider a wide spectrum of elements in determining the subjective knowledge of the defendant" is not persuasive. When we are considering the "mental state" and the "subjective knowledge" of the defendant, we are considering what he actually "knows," not what he "reasonably should be aware of."

There is no merit to the attorney general's second argument that the challenged language is merely a recognition by the legislature that the fact finder may consider circumstantial evidence in finding that the defendant acted "knowingly." What the argument presumes is that being "aware" and "reasonably should be aware" constitute the same mental state. The defendant concedes that circumstantial evidence is admissible to prove awareness or knowledge. However, under the instruction in question, if the jury found from the circumstantial or direct evidence that the defendant was not *actually aware* of the existence of the narcotic, but by the exercise of his intellect he reasonably should have been aware of it, it could find him guilty. This would permit a jury to convict for drug possession without a finding of guilty knowledge but on the basis of what amounts to · negligence. This is contrary to the settled case law of this state.

---

[3] See Footnote 2.
[4] Section 12-22-302, C.R.S. 1973.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.