## No. 27340

**The People of the State of Colorado v. James Lindsey Childers, also known as James C. Linn**

(560 P.2d 92)

Decided February 22, 1977.

Terrance Farina, District Attorney, John A. Achziger, Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

Per Curiam

The district attorney brings this appeal under section 16-12-102, C.R.S. 1973, which authorizes appeals by the prosecution on questions of

law.

The trial court granted the defendant's motion for judgment of acquittal at the conclusion of the prosecution's case on the felony charge of first-degree criminal trespass. The remaining charge of misdemeanor theft was dismissed after the conclusion of all the evidence when the trial court granted the defendant's motion for judgment of acquittal as to that charge.

The district attorney challenges these acquittals and asserts that there was sufficient evidence presented to support a verdict of guilty as to each of the charges. The district attorney therefore asserts that the trial court erred, as a matter of law, in granting the defendant's motions for acquittal as to both charges.

■ Only those appeals by the prosecution where the record demonstrates clearly that the evidence presented would have supported a guilty verdict, will this court disapprove the granting of a defendant's motion for acquittal. *People v. Downer,* 192 Colo. 264, 557 P.2d 835 (1976); *People v. Martinez*, 191 Colo. 428, 553 P.2d 774 (1976); and *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

■ After our review of this record, we cannot conclude, as a matter of law, that the evidence presented meets the tests outlined in *Downer, Martinez*, and *Bennett*. The quantum and quality of the evidence here did not make it invulnerable to the motions of the defendant for acquittal as to the felony charge of first-degree criminal trespass or as to the misdemeanor charge of theft. We do not expand further on this case because any further exposition would have no precedential value.

The judgment is affirmed.