The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Eugene WHITFIELD, Defendant-Appellant.

No. 78–848.

Colorado Court of Appeals, Div. I.

Dec. 28, 1979.

Rehearing Denied Jan. 17, 1980.

As Modified On Denial of Rehearing Jan. 31, 1980.

Certiorari Denied May 19, 1980.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Harold A. Haddon, Special Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Eugene Whitfield appeals his conviction of felony theft. He contends that the trial court erred in refusing to grant his motion for a judgment of acquittal and in finding that he was not eligible for an indeterminate sentence. We affirm the conviction, vacate the sentence, and remand.

Whitfield was charged with removing cantilever signal poles from the property of the Union Pacific Railroad without authorization. Whitfield argues that the People failed to prove that he took the poles with the knowledge that he did not have authorization to do so. We disagree.

The conflicting evidence, and the available inferences, viewed in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person beyond a reasonable doubt, that Whitfield knew he had no authorization to remove the poles. *See People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

The court sentenced Whitfield to a minimum term of not less than two years' imprisonment because he had been previously convicted of a felony. *See* § 16–11–101(1)(d), C.R.S.1973 (1978 Repl.Vol. 8). Whitfield argues that the evidence was insufficient to support a determination that he was not eligible for an indeterminate sentence. We agree.

While the record reveals that Whitfield had been previously charged with felony menacing, it does not reveal whether the offense upon which the charge was based occurred "within five years prior to the date of the offense for which he is being sentenced." Section 16–11–101(1)(d), C.R.S. 1973 (1978 Repl.Vol. 8). Consequently, the sentence was improper. The People's contention that this issue must be raised in the trial court is without merit since the alleged defect in the sentence is jurisdictional and may be raised for this first time on appeal. *People v. Hinchman,* 196 Colo. 526, 589 P.2d 917 (1978), *cert. denied sub nom., Hinchman v. Colorado,* 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979).

In view of our conclusions, we need not address Whitfield's other assignment of error.

The judgment is affirmed, the sentence is vacated, and the cause is remanded for modification of Whitfield's sentence to an indeterminate term. Section 16–11–101(1)(d), C.R.S.1973 (1978 Repl.Vol. 8).

COYTE and SILVERSTEIN, JJ., concur.