The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

John BENEVIDEZ,
Defendant-Appellant.

No. 82CA0550.

Colorado Court of Appeals,
Div. II.

March 1, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Law Offices of Larry S. Pozner, P.C., Mitch Geller, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, John Benevidez, appeals from a judgment of conviction entered on a jury verdict of guilty of aggravated robbery, second degree assault, and mandatory sentence-violent crime. Defendant argues that the trial court erred in denying his motion for a mistrial based on the arresting officer's testimony that defendant declined to make a statement after he had been advised in writing of his *Miranda* rights, and that the evidence was insufficient to sustain a conviction. We affirm.

In addressing the question of the alleged comment on the defendant's right to remain silent, the manner in which the issue arose during trial is significant to the result. Defendant testified as to the content of the written statement he had made to a police detective. On cross-examination, he admitted he had earlier made a similar verbal statement to the arresting police officer but denied that that statement differed from his later written statement.

To rebut defendant's testimony, the prosecution recalled the arresting officer, who testified as to his recollection of defendant's verbal statement. The officer acknowledged that he had not reduced that statement to writing.

On cross-examination, the defense questioned the officer regarding his duty to reduce to writing everything of importance that he observed or heard at the time of the arrest. On redirect, the officer was questioned as to whether defendant's verbal statement was the result of interrogation, and he replied, in part:

"I did not interrogate the Defendant. The statement made to me was made

while going downtown to police headquarters. It is our policy that we advise the party in writing of his Miranda rights after we reach headquarters, and then ask him if he would like to make a written statement or make a statement at that time. *At that time Mr. Benavidez [sic] declined to make that statement.*"

 It is the underlined portion of this testimony which defendant asserts was impermissible comment. The denial of a motion for mistrial will not be disturbed on appeal absent an abuse of discretion by the trial court. *People v. Saars*, 196 Colo. 294, 584 P.2d 622 (1978). We find no abuse of discretion here.

 Not every reference by the prosecution to a defendant's exercise of his right to remain silent constitutes reversible error. *People v. Key*, 185 Colo. 72, 522 P.2d 719 (1974). In this case, the arresting officer's testimony was prompted by defendant's cross-examination of the officer with respect to the officer's failure to reduce defendant's statement to writing and his duty to do so. *Cf. People v. Martinez*, 652 P.2d 174 (Colo.App.1981) (police officer's testimony regarding defendant's refusal to make a statement properly admitted as in response to defendant's stated theory that the police investigation had been inadequate). There is no indication here that the prosecution intended to use the police officer's statement as a means of inferring defendant's guilt. *See People v. Ashton*, 661 P.2d 291 (Colo.App.1982). Instead, it appears that the officer's statement was intended to rebut defendant's attempt to portray his failure to reduce defendant's statement to writing as a failure to perform his duty. Thus, there was no reversible error.

 We also disagree with defendant's contention that the evidence was insufficient to sustain his conviction. The test is "whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *People v. Bennett*, 183 Colo. 125, 130, 515 P.2d 466, 469 (1973). The evidence presented here meets this test. *People v. Gonzales*, 666 P.2d 123 (Colo.1983).

Judgment affirmed.

KELLY and BABCOCK, JJ., concur.