**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 2003**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

LARRY ALLEN MACPHALE,

Petitioner - Appellant,

v.

HONORABLE ROBERT C. TOBIAS;
COUNTY COURT OF ARAPAHOE
COUNTY, COLORADO; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents - Appellees.

No. 02-1426
D.C. No. 01-D-2276
(D. Colorado)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Larry Allen MacPhale was convicted in state court on five counts of

violating Colorado law regarding unlicenced motor vehicle dealers. His

conviction was affirmed on appeal, and the Colorado Supreme Court denied his

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition for writ of certiorari. In this federal habeas action, Mr. MacPhale claimed that his Sixth Amendment right to counsel was violated and that he was denied due process. The district court granted his petition on the Sixth Amendment assertion, but denied the due process claim. In granting Mr. MacPhale's Sixth Amendment claim, the district court held he was entitled to resentencing. Mr. MacPhale has since been resentenced and that sentence has been stayed pending the outcome of this appeal. On appeal, Mr. MacPhale contends his due process rights were violated because insufficient evidence existed to convict him of being a motor vehicle dealer. Because Mr. MacPhale does not make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a Certificate of Appealability (COA) and dismiss the appeal.

A writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under

AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." *Romano v. Gibson*, 239 F.3d 1156, 1164 n.2 (10th Cir.), *cert. denied*, 534 U.S. 1045 (2001) (listing cases). Under either standard, Mr. MacPhale's claim fails.

In examining Mr. MacPhale's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In rejecting Mr. MacPhale's claim, the state court did not rely on the *Jackson* standard but instead noted

> [t]he issue before the trial judge is whether the relevant evidence
> both direct and circumstantial, when viewed as a whole and in the
> light most favorable to the prosecution, is substantial and sufficient
> to support a conclusion by a reasonable mind that the defendant is
> guilty of the charge beyond a reasonable doubt.

Aplt. Appx., doc. 4 at 5 (citing *People v. Bennett*, 515 P.2d 466, 469 (1973)). The Colorado Supreme Court has determined that *Bennett* is in accord with *Jackson*'s sufficiency of the evidence due process standard. *See People v. Gonzales*, 666 P.2d 123, 127 (Colo. 1983). In accordance with the deference required by § 2254(d), we hold the state court's denial of Mr. MacPhale's habeas petition was not contrary to nor an unreasonable application of *Jackson*.

Mr. MacPhale was found guilty of acting as a motor vehicle dealer without

a licence under Colorado Revised Statute § 12-6-120(2). The statute dictates "[i]t is unlawful for any person to act as a motor vehicle dealer . . . [or a] used motor vehicle dealer . . . unless such person has been duly licensed under the provisions of this part 1 . . . ." *Id.* § 12-6-120(2). A motor vehicle dealer is one "who is engaged wholly or in part in the business of selling new or new and used motor vehicles." *Id.* § 12-6-102(13). Likewise, the

> sale of three or more new or new and used motor vehicles or the offering for sale of more than three new or new and used motor vehicles at same address or telephone number in any one calendar year shall be prima facie evidence that a person is engaged in the business of selling new or new and used motor vehicles.

*Id.* Mr. MacPhale argues there was insufficient evidence to find him guilty of acting as a motor vehicle dealer without a licence because he did not sell any new vehicles.

In rejecting Mr. MacPhale's claim, the state court pointed out that "[t]he definition of Motor Vehicle Dealer refers to 'new or new and used motor vehicle[s]' [and] . . . it also speaks of 'in whole or in part.'" Aplt. Appx., doc. 4 at 3. It is undisputed that the jury heard evidence that Mr. MacPhale offered or attempted to sell more than three used vehicles from his home over a period of a year. Both the state court and the federal district court agreed it would have been preferable to instruct the jury on the definition of a used motor vehicle dealer, *see* Colo. Rev. Stat. § 12-6-102(17) ("The sale of three or more used motor vehicles

or the offering for sale of more than three used motor vehicles at the same address or telephone number in any one calendar year shall be prima facie evidence that a person is engaged in the business of selling used motor vehicles."). However, we also concur with their assessment that the absence of such an instruction did not violate Mr. MacPhale's constitutional right to due process. The statute under which Mr. MacPhale was convicted clearly includes within its scope "used motor vehicle dealers." *See* Colo. Rev. Stat. § 12-6-120(2). Therefore, the state court correctly determined that a rational trier of fact, when considering the undisputed evidence in favor of the prosecution, would have found the essential elements of the crime proven beyond a reasonable doubt.

Because Mr. MacPhale's claim fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), his request for a COA is **DENIED** and his appeal **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge