## No. 27574

## The People of the State of Colorado v. Samuel James Dodd

(578 P.2d 1061)

Decided May 22, 1978.

Paul Q. Beacom, District Attorney, Duncan W. Cameron, Deputy, Marc P. Mishkin, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Gene Beville, Deputy, for defendant-appellee.

Miller and Gray, P.C., Daniel C. Hale, David G. Eisner, amici curiae.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant Dodd was charged with possession of narcotic drugs for sale (cocaine) under section 12-22-322(1)(a), C.R.S. 1973. He was acquitted of this charge and of the lesser included offense of possession of narcotic drugs under section 12-22-302, C.R.S. 1973. The district attorney appealed pursuant to section 16-12-102, C.R.S. 1973, challenging the correctness of a jury instruction. We disapprove.

A single issue is addressed: Should the so-called "procuring agent" defense be an affirmative defense to a charge of possession of narcotics? We answer this question in the negative.

Over the objection of the district attorney, the jury was instructed:

"It is an affirmative defense to the crimes of possession for sale of a narcotic drug and possession of a narcotic drug that Samuel Jámes Dodd engaged in proscribed conduct as an exclusive agent for the buyer of the narcotic drug. A person is deemed the agent of the buyer when:

1. The buyer is a police officer
2. who requests the defendant to obtain drugs
3. and the defendant does not himself furnish the drugs but obtains them for another
4. without profiting from the proceeds of the sale."

Dodd testified at trial that an undercover police agent asked him three separate times to get him some cocaine. Dodd knew the man only as "Jim," and did not know that he was a police agent. On the fourth request, Dodd and the undercover agent left Dodd's house and went to an apartment complex where Dodd got out of the agent's car and went into the complex with $70 of the agent's money. Dodd returned to the car several moments later and asked the agent for five dollars more for the drugs. The agent gave Dodd ten dollars, and Dodd went back into the complex. Dodd returned to the car momentarily, and gave the agent the cocaine and five dollars change. The agent then drove Dodd back to Dodd's home. There was no evidence contradicting the defendant's statement that he paid the entire $75 to the drug seller.

There appears to be no case in this jurisdiction which has held the procuring agent theory of defense applicable to a charge of mere possession of narcotic drugs. *See People v. Fenninger,* 191 Colo. 334, 552 P.2d 1018 (1976), and *Santiago v. People,* 192 Colo. 320, 558 P.2d 441 (1977), (procuring agent defense warranted in trial of person charged with offenses of sale of, and conspiracy to sell, narcotics); *see People v. Dinkel,* 189 Colo. 404, 541 P.2d 898 (1975), procuring agent theory inapplicable to charge of dispensing dangerous drugs).

In *People v. Fenninger, supra,* we stated:

"The legal theory behind this defense is that a defendant, as an exclusive agent for the buyer, is a principal in or a conspirator in the *purchase* rather than the *sale* of the contraband, and as such, the defendant, like the buyer, cannot be convicted of selling the narcotic, nor can he be

convicted of conspiring to sell."

In the above cited cases, the rulings were not predicated upon mere possession.

We read *Commonwealth v. Harvard,* 356 Mass. 452, 253 N.E.2d 346 (1969) as standing for the proposition that the procuring agent defense does not apply to a charge of possession. In *People v. Turner,* 38 Mich. App. 479, 196 N.W.2d 799 (1972), (*rev'd on other grounds,* 390 Mich. 7, 210 N.W.2d 336 (1973)) and *Posey v. State* (Okla. Crim. App.) 507 P.2d 576 (1973), which cite *Commonwealth v. Harvard* with approval, it was held that the procuring agent defense is not applicable to mere possession.

It is established law that the crime of possession is complete when the defendant has knowingly acquired dominion and control over the contraband substance. *See, e.g., People v. Eades,* 187 Colo. 74, 528 P.2d 382 (1974); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973); *People v. Chaves,* 182 Colo. 216, 511 P.2d 883 (1973); and *Duran v. People,* 145 Colo. 563, 360 P.2d 132 (1961).

We, therefore, rule that the procuring agent defense should not be extended to mere possession cases.

Except for the element of entrapment in this case, it might be thought that our ruling creates a fundamentally unfair result. Here, however, the defense of entrapment was submitted to the jury and, for aught that appears, the jury acted under the theory of entrapment in finding the defendant not guilty. The evidence supported the verdict on that theory. *See Henderson v. United States,* 261 F.2d 209 (5th Cir. 1959).

The district attorney particularly has questioned part numbered 4 of the procuring agent instruction which, he contends, places the burden upon the People to show that the defendant did not profit by the transaction. In light of our ruling, and also because there was no issue as to profit in this case, we do not reach that particular question.

Ruling disapproved.

MR. CHIEF JUSTICE PRINGLE does not participate.