**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Lloyd Dale SMITH, Defendant-Appellant.**

**No. 77–903.**

Colorado Court of Appeals,
Div. I.

July 12, 1979.

Rehearing Denied Aug. 2, 1979.

Certiorari Granted Sept. 17, 1979.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, J. Steven Patrick, Spec. Deputy State Public Defender, Denver, for defendant-appellant.

COYTE, Judge.

Defendant appeals his conviction of conspiracy to sell a narcotic drug. We reverse.

Defendant was charged with two counts of conspiracy and one count of sale of a narcotic drug. One of the conspiracy counts was dismissed prior to trial. The jury deadlocked on the sale charge, so the trial court declared a mistrial on this charge which the district attorney then dismissed.

Defendant asserts that the trial court should have granted his motion for judgment of acquittal on the conspiracy count because the prosecution's evidence, even when viewed in the light most favorable to the prosecution, failed to disprove the procuring agent defense. We agree.

Evidence presented through prosecution testimony or by the uncontradicted testimony of the defendant established that: (1) the initial contact with defendant regarding the purchase of drugs was through an informant paid by the state, and the subsequent transactions were initiated by an agent of the Drug Enforcement Administration; (2) defendant was not the source of the drugs; (3) defendant did not receive any profit or proceeds from the sale; and (4) defendant was only slightly acquainted with the persons who supplied the drugs prior to his contacts made on behalf of the government agent.

Defendant testified that he entered into the transaction only as a favor to the informant, whom defendant had known for several months and whom defendant considered a "good friend". There was no evidence that defendant acted as an independent broker, seeking out buyers and sellers on his own initiative, or that he was involved in any transactions except those on behalf of the government agents.

The facts of this case are very similar to those in *People v. Fenninger*, 191 Colo. 334, 552 P.2d 1018 (1976). There, the court held that evidence overwhelmingly showing that defendant acted solely at the request of and as the representative of the buyers entitled the defendant to a judgment of acquittal. *Fenninger* mandates reversal of the conviction here.

Judgment reversed and cause remanded with directions to enter a judgment of acquittal.

VAN CISE and STERNBERG, JJ., concur.