The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

DuWayne Francis HALL, Defendant-Appellant.

No. 79CA0674.

Colorado Court of Appeals, Div. II.

July 31, 1980.

Rehearing Denied Aug. 28, 1980.

Certiorari Denied Jan. 26, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Rector, Retherford, Mullen & Johnson, Anthony A. Johnson, Colorado Springs, for defendant-appellant.

STERNBERG, Judge.

The defendant, DuWayne Francis Hall, appeals his conviction of two counts of sale of narcotics in violation of § 12–22–302, C.R.S. 1973 (1978 Repl. Vol. 8). The principal issue raised in this appeal is whether the trial court erred in denying defendant's motion for acquittal based upon the "procuring agent defense." We conclude that this defense was available to Hall in a prosecution under this statute, that the motion for acquittal should have been granted, and accordingly reverse.

Crucial to the People's case was the testimony of an undercover detective of the Colorado Springs Police Department. The detective testified that he was approached by an informant who stated that he knew some people that the officer "could make a case against." On February 13, 1979, the informant introduced the detective to one David Goins. Goins had no drugs for sale, but stated that he knew individuals from whom cocaine could be obtained. That evening Goins took the detective and the informant to an apartment in which Hall resided with two roommates. The detective expressed interest in purchasing some cocaine, and Hall responded that he knew where the drug could be purchased, but that the source would not meet with a stranger. Hall told the detective of the price of the drug.

The detective drove Hall to the purchase location and gave him $315 to buy 3 grams of cocaine; he also gave Hall a device with which he was to "test the cocaine he was about to purchase for me." The detective waited in the automobile while Hall performed the test and purchased the 3 grams of cocaine for $320. Because Hall had spent $5 of his own money on the purchase, he requested that in exchange he be given some of the drug. The detective declined but repaid the $5 Hall had advanced. The detective said that if the cocaine was good he might be interested in making additional purchases.

The next afternoon, the detective and the informant again went to Hall's residence. The detective had with him approximately 30 pounds of marijuana which he told Hall and one of Hall's roommates he wanted to trade for cocaine. Hall and his roommate went into the bedroom of the apartment where one of them telephoned the source, and then they informed the detective that the source wanted a sample of the marijuana before making any deal. Thereupon, the detective offered to purchase ½ ounce of cocaine for $1,300. This was agreeable to the source, and the detective departed to get the money.

When the detective returned to the apartment, he was told to wait inside because the source did not want to be seen. Hall and his roommate, following instructions from the source, checked the detective's money to see that it was not marked; the serial numbers of the bills had in fact been recorded by the police. The source arrived at the apartment and Hall exchanged the money for the drugs. Hall gave the drugs to the detective, and then was arrested. The source was later arrested and the purchase money was found on his person. No evidence was presented to establish that Hall benefited from the transactions.

The procuring agent defense was first adopted in Colorado in *People v. Fenninger*, 191 Colo. 334, 552 P.2d 1018 (1976), where it was stated that:

> "The legal theory behind this defense is that a defendant, as an exclusive agent for the buyer, is a principal in or a conspirator in the *purchase* rather than the *sale* of the contraband, and as such, the defendant, like the buyer, cannot be convicted of selling the narcotic, nor can he be convicted of conspiring to sell." 191 Colo. at 336–337, 552 P.2d at 1020. (emphasis in original)

The procuring agent defense negates the existence of an essential element of the charged offense—the sale itself. *See People v. Roche*, 45 N.Y.2d 78, 407 N.Y.S.2d

682, 379 N.E.2d 208 (1978). Thus, the defense has been held inapplicable to prosecutions for mere possession, *People v. Dodd*, 195 Colo. 408, 578 P.2d 1061 (1978), or to charges of dispensing dangerous drugs, *People v. Dinkel*, 189 Colo. 404, 541 P.2d 898 (1975). And, in *People v. Bailey*, 41 Colo. App. 385, 590 P.2d 508 (1978), we held that the defense was not available to defendants who, at the request of police officers, located and purchased drugs and then resold the drugs to the officers.

 We see no merit to the People's argument, the crux of which is that because the statute under which Hall was convicted, § 12–22–302, C.R.S. 1973 (1978 Repl. Vol. 8), proscribes not only the sale of narcotics but also a variety of offenses related to drug possession and distribution, the procuring agent defense is inapplicable to charges brought under that statute. Here, the jury was instructed on the offense of selling narcotics in violation of that statute, and returned guilty verdicts for that offense and not for other acts proscribed by that statute with which he could have been charged.

The evidence as recited above established that Hall acted exclusively as the detective's agent and did not himself sell the drugs. Evidence that Hall examined the purchase money before tendering it to the source, that he knew where cocaine could be purchased, and knew the price of the drug is insufficient to establish an agency relationship with the seller. The evidence established only that Hall was a conduit for the detective, transmitting offers and money to the source and in exchange obtaining cocaine which he delivered to the detective. Thus, the evidence, even when viewed as a whole and in the light most favorable to the prosecution, is wholly insufficient and cannot support the jury's verdict on the charges of selling narcotics. *See People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973); *People v. Fenninger, supra.*

Contrary to the People's contention, the fact that the jury was instructed on the procuring agent defense, *i. e.*, that if it found defendant acted exclusively for the detective it must acquit, is of no consequence because there was no evidence that Hall had acted for anyone other than the detective. Consequently, the trial court should have granted Hall's motion for acquittal at the conclusion of the prosecution's case.

The judgment of the trial court is reversed and the cause is remanded with directions to enter a judgment of acquittal.

PIERCE and SMITH, JJ., concur.