Louie KINEGAK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1769.

Court of Appeals of Alaska.

Dec. 11, 1987.

Karen R. Hegyi, Asst. Public Defender, Bethel, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert M. Miller, Asst. Dist. Atty., Bryan E. Schuler, Dist. Atty., Bethel, and Ronald W. Lorenson, Acting Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

A jury convicted Louie Kinegak of the sale of liquor without a license, AS 04.11.-010.[1] Magistrate Craig R. McMahon sentenced Kinegak to sixty days with thirty days suspended and imposed a fine of $2,000 with $1,000 suspended. Kinegak appeals, arguing that the trial court committed prejudicial error in its response to an inquiry from the jury during deliberations. We agree and reverse.

The evidence presented at trial showed that Kinegak was working at the Kuskokwim Inn in Bethel when he was approached by Norman Black, an undercover police officer. Black requested that Kinegak purchase a bottle of whiskey for him and gave him $100. Kinegak agreed, left the restaurant, and, with the money that Black had given to him for the purchase, bought a bottle of Windsor Canadian Whiskey from an unidentified person in the area. Upon returning to the restaurant a few minutes later, Kinegak gave Black the bottle of whiskey and the change from the purchase. Kinegak testified that he did not receive any money or other form of profit from the transaction.

At the close of the case, Magistrate McMahon gave the following instruction on affirmative defenses:

It is an affirmative defense to this charge that no profit was involved in the solicitation or receipt of an order for the delivery of an alcoholic beverage.

Therefore, if you find it more likely than not that no profit was involved, then you must find the defendant not guilty.[2]

An instruction on accomplice liability was given as well:

The defendant is legally accountable for the conduct of another constituting an offense if with intent to promote or facilitate the commission of offense, the defendant aids or abets the other in planning or committing the offense.[3]

---

1. Alaska Statute 04.11.010 provides:
   *License or permit required.* (a) Except as provided in AS 04.11.020, a person may not manufacture, sell, offer for sale, possess for sale or barter, traffic in, or barter an alcoholic beverage unless under license or permit issued under this title.
   (b) A person may not solicit or receive orders for the delivery of an alcoholic beverage in an area where the results of a local option election have, under AS 04.11.490–04.11.500, prohibited the board from issuing, renewing or transferring one or more types of licenses or permits under this title, unless the person is licensed under this title and the order is actually received by that person from the purchaser of the alcoholic beverage. A person who violates this subsection is punishable upon conviction under AS 04.16.200(a) or (b).

2. Alaska Statute 04.16.200 provides, in pertinent part:
   *Unlicensed persons.* (a) A person who violates AS 04.11.010 is, upon conviction, guilty of a class A misdemeanor.

   . . . .
   (c) It is an affirmative defense to a prosecution under (a) of this section that no profit was involved in the solicitation or receipt of an order for the delivery of an alcoholic beverage. However, the affirmative defense created under this subsection is not available in a prosecution of a person charged with selling or offering for sale alcoholic beverages to a person under 21 years of age.

3. Alaska Statute 11.16.110 provides:
   *Legal accountability based upon the conduct of another: Complicity.* A person is legally accountable for the conduct of another constituting an offense if
   (1) the person is made legally accountable by a provision of law defining the offense;
   (2) with intent to promote or facilitate the commission of the offense, the person
   (A) solicits the other to commit the offense; or
   (B) aids or abets the other in planning or committing the offense; or
   (3) acting with the culpable mental state that is sufficient for the commission of the

During its deliberations, the jury sent Magistrate McMahon a note requesting a definition of profit. Specifically, the jurors wanted to know how far back in time they should go in considering whether any profit was made. Defense counsel wanted the profit issue limited solely to the transaction between Kinegak and Black, while the district attorney wanted the profit question to cover the transaction between Kinegak and the unidentified party as well. When the attorneys could not reach an agreement, Magistrate McMahon decided that no clarification would be given. The jurors were told "to use their common sense in deciding the meaning of profit." The jury continued to deliberate and subsequently reached a verdict of guilty.

On appeal, Kinegak argues that the court erred when it failed to instruct the jury that the issue of profit applied only to the transaction between himself and Black. Alaska Statute 04.16.200(c) provides that it is an affirmative defense to prosecution for the sale of liquor without a license that "no profit was involved in the solicitation or receipt of an order for the delivery of an alcoholic beverage." According to Kinegak, AS 04.16.200(c) requires that a defendant be acquitted if he establishes, by a preponderance of the evidence, that he did not personally profit from the sale of an alcoholic beverage. Kinegak contends that, unless the profit question is limited to the transaction involving he and Black, the affirmative defense provided for in AS 04.16.200(c) may never be successfully asserted because there is always *someone* who profits from an illegal sale of liquor. This is especially true, as in this case, when the alcoholic beverage is distributed nationally.

The state argues that Kinegak was an accessory to the sale of whiskey to Black by the unidentified third party, and that the unidentified third party's profit was imputed to Kinegak, thereby defeating the affirmative defense. Under the state's accomplice theory, it makes no difference that Kinegak did not personally profit from the sale. Instead, inquiry focuses on whether Kinegak aided and abetted someone who did profit from the sale to Black. In the state's view, the evidence at trial showed that the unidentified third party made a profit, and Kinegak aided and abetted the unidentified third party by carrying the money from the buyer to the seller and carrying the whiskey from the seller to the buyer. According to the state, having "step[ped] into the seller's shoes," Kinegak was no longer entitled to assert the affirmative defense. We must therefore interpret the applicable statutes.

Specifically, we must determine the effect of the affirmative defense on a theory of accomplice liability. In so doing, it is helpful to differentiate between one who commits an offense "by his own conduct," whom we will call the perpetrator, and one who commits an offense by means of, or in aid of the "conduct of another person for which he is legally accountable," whom we will call an accomplice.[4] *See* AS 11.16.100.[5] The legislature has provided a defense to a charge of illegal sale of alcohol for one who does not profit. The question is whether an accomplice may avail himself of this defense if the perpetrator receives a profit.

▮▮▮ Having carefully considered the arguments of the parties, the facts of this case, and the applicable statutes, we conclude that he may not avail himself of this defense. In our view, in order to make a *prima facie* case justifying submission of this defense to the jury, a defendant charged as an accomplice must offer some

offense, the person causes an innocent person or a person who lacks criminal responsibility to engage in the proscribed conduct.

**4.** Our treatment of accomplice liability relies on the Alaska Revised Criminal Code. *See* AS 11.16.100 *et seq.* The parties have assumed the applicability of these provisions to prosecutions under AS 04.11.010. We will honor that assumption in deciding this case. *See Knutson v. State,* 736 P.2d 775, 779 (Alaska App.1987)

(holding that AS 11.16.100–.110 apply to fish and wildlife offenses).

**5.** Alaska Statute 11.16.100 provides:
*Legal accountability based upon conduct.* A person is guilty of an offense if it is committed by the person's own conduct or by the conduct of another person for which the person is legally accountable under § 100 of this chapter, or by both.

evidence that both he and the perpetrator did not profit[6] from the transaction. This reading of the statute is most consistent with the language describing the defense and the offense, and will most effectively serve the legislative goal of restricting the unlicensed distribution of alcoholic beverages.

Our decision necessarily rejects the argument that the defense under consideration incorporates the "purchasing agent" theory of defense to a sale of contraband which is available in a number of jurisdictions. *See United States v. Moses,* 220 F.2d 166 (3d Cir.1955) (narcotics); *People v. Hall,* 44 Colo.App. 535, 622 P.2d 571 (1980) (narcotics); *People v. Lam Lek Chong,* 45 N.Y.2d 64, 407 N.Y.S.2d 674, 379 N.E.2d 200 (1978) (narcotics); *People v. Roche,* 45 N.Y.2d 78, 407 N.Y.S.2d 682, 379 N.E.2d 208 (1978) (narcotics); *People v. McCrory,* 222 N.Y.S. 2d 112 (N.Y.Sup.Ct.1961) (alcohol offense); *Durham v. State,* 162 Tex.Cr.R. 25, 280 S.W.2d 737 (1955) (narcotics). *But see State v. Hecht,* 116 Wis.2d 605, 342 N.W.2d 721 (1984) (rejecting purchasing agent defense).

In cases adopting a purchasing agent defense, the court recognizes that the language of the respective statutes would be broad enough to cover an "agent" of the purchaser, but declines to read them that broadly. Two reasons are offered in support of this position. First, most legislation sharply differentiates between sellers and buyers of contraband, imposing substantial penalties on the former and minimum or no penalties on the latter. The defense thus mitigates the harsh penalties imposed on sellers. Second, the courts rely on the proposition that a buyer of contraband is not an accomplice of the seller. *See Howard v. State,* 496 P.2d 657, 660 (Alaska 1972). If a buyer is not the seller's accomplice, the courts reason, the buyer's

agent should not be deemed the seller's accomplice.[7]

The Alaska Supreme Court has specifically rejected the purchasing agent theory for narcotics offenses. *See McKay v. State,* 489 P.2d 145, 152–53 (Alaska 1971). We recognize that *McKay* could be distinguished. It could be argued that the purchasing agent theory developed as a common law defense to a statutory offense where the defense was not specifically recognized in the statute. The drug offenses considered in *McKay* were not subject to a statutory gratuitous transaction defense. In contrast, the legislature has specifically recognized lack of profit as a defense to a charge of an unlicensed liquor offense. Further, the legislature has sanctioned the unlicensed sale of liquor, but has not imposed similar sanctions on purchase or mere possession.

While recognizing these distinctions, we nevertheless follow *McKay* and decline to interpret AS 04.16.200(c) as establishing a purchasing agent defense to a charge of an unlicensed sale of liquor. The legislature, in defining the defense, required that "no profit [be] involved in the solicitation or receipt of an order for the delivery of an alcoholic beverage." If a purchasing agent is viewed as a mere conduit or intermediary, then the buyer places his order with the perpetrator. The plain language of the statute would seem to require a defendant to establish that the person who receives the order, *i.e.,* the perpetrator, receives no profit. The legislature could easily have expressly provided that the defendant was entitled to a defense if he did not personally profit. It did not do so. Furthermore, common sense teaches that sellers of contraband will frequently act through intermediaries so that recognition of a purchasing agent defense might render suc-

---

**6.** We are not prepared to decide on this record what the term "profit" means in context since this issue has not been briefed. We stress, however, that the "profit," if any, must be connected with an illegal transfer of alcohol to defeat the defense.

**7.** Thus one court views the "agency" defense as a means to give judge and jury flexibility to differentiate between the wide spectrum of persons who participate in drug distribution ranging from "predators" motivated by profit on one hand, and those casually involved or impelled by "medical and sociological aspects" on the other. *Roche,* 407 N.Y.S.2d at 686, 379 N.E.2d at 211.

cessful prosecutions virtually impossible, thus frustrating the evident legislative purpose to eliminate unlicensed transactions in intoxicating liquor.

A purchasing agent defense is not necessary to prevent draconic penalties from being visited upon the victims of contraband abuse in order to reserve sanctions for those commercially involved in the contraband industry. Unlike illegal drug transactions, which may be felonies, unlicensed sale of alcohol is normally a misdemeanor. AS 04.16.200(a). Finally, trial courts have appropriate sentencing discretion, subject to appellate sentencing review, to insure that only those commercially involved in illegal sales receive substantial sentences. *Compare Peruski v. State*, 711 P.2d 573 (Alaska App.1985) (approving sentence of one year for participant in major illegal liquor distribution system) *with Nickolas v. State*, 689 P.2d 510 (Alaska App.1984) (jail sentence inappropriate for first offender incidentally involved in unlicensed liquor transaction). In our view, a sentencing judge is in a far better position to determine the extent of a defendant's involvement in the commercial distribution of contraband, by virtue of his or her greater access to all relevant facts, than is a trial jury deciding a specific case.

█ Our rejection of a purchasing agent corollary to the statutory affirmative defense should not be misunderstood as eliminating the state's burden of proving that the defendant aided and abetted the perpetrator of the offense. Alaska Statute 04.-11.010(b) imposes upon the state the duty to prove a specific, unlawful transaction involving solicitation or receipt of an order for alcoholic beverages. The affirmative defense provided for under AS 04.16.200(c) plainly relates to the specific transaction at issue in any given case. When the complaint charges the accused as an accomplice in an illegal transaction involving the joint participation of two or more people, the affirmative defense is inapplicable if any of the joint participants received a profit. As we have indicated, this holds true regardless of whether the accused acted as an agent of the buyer or the seller. *McKay v.*

*State*, 489 P.2d at 152–57. Conversely, in order to establish the affirmative defense, the accused need only show that no profit was involved in the illegal transaction that is the focus of the charge. When no profit is made by any participant in the charged transaction, the affirmative defense bars conviction, and it is immaterial that profit may have been made in some separate, antecedent transaction.

█ In light of the foregoing, the trial court erred in failing to respond more informatively to the jury's inquiry regarding the affirmative defense. An argument could be made that the error was harmless, since our interpretation of the interplay between the no-profit affirmative defense and accomplice liability is consistent with the state's theory of the case and inconsistent with the defendant's theory of the case. *See* Alaska Criminal Rule 47(a). We are nevertheless persuaded to grant the defendant a new trial. Kinegak was charged with sale of a nationally manufactured and distributed alcoholic beverage. Clearly, at some stage in its distribution, somebody made a profit. There is at least a risk that one or more members of the jury might have interpreted the trial court's reference as suggesting that the defense might, in the exercise of the jury's collective common sense, be limited to locally manufactured beverages and not apply to nationally distributed beverages where a profit at some stage of distribution was virtually certain.

Moreover, Kinegak was charged with participating in an unlawful sale of alcohol to Black, the state's undercover agent. The illegal sale could arguably have been characterized as a transaction between Black and Kinegak's supplier, in which Kinegak acted as an intermediary. If the jury determined that either Kinegak or his supplier received a profit, Kinegak could properly have been convicted as an accomplice. Under the instructions actually given, however, as long as the jury found that Kinegak's supplier received a profit, the jury was free to reject the affirmative defense without deciding whether the supplier acted as a participant in the sale to

Black.[8]  We are unable to find harmless error.  Therefore, in the interest of justice, we are satisfied that a new trial is in order.[9]

The judgment of the district court is REVERSED and this case is REMANDED for a new trial.

---

**8.**  Furthermore, from the prosecution's final argument, it appears possible that the jury might have found Kinegak guilty as an accomplice to the sale between his supplier and himself.  Unless Kinegak's supplier was found to have acted as a participant in the sale to Black, such a result would clearly have been improper, since it is well settled that the purchaser of an illegal substance cannot be convicted as an aider and abetter of the sale.  *See Howard v. State,* 496 P.2d at 660.

**9.**  Kinegak and the state agree that the trial court erred when it discussed the jury's inquiry with counsel in Kinegak's absence, and in responding to the jury's inquiry off the record and outside the parties' presence.  We agree with this conclusion.  Our disposition of this appeal makes it unnecessary to determine whether these errors would independently require a new trial.