Jose M. **HERRERA**, Appellant,

v.

**STATE of Alaska, Appellee.**

No. A–2136.

Court of Appeals of Alaska.

April 15, 1988.

---

Karen R. Hegyi, Asst. Public Defender, Bethel, and Dana Fabe, Public Defender, Anchorage, for appellant.

Dale O. Curda, Asst. Dist. Atty., Bethel, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Jose M. Herrera appeals after being convicted by a jury in Bethel of selling an alcoholic beverage without a license, in violation of AS 04.11.010(a) and AS 04.16.-200(b)(1). Herrera contends that Magistrate Dan Branch erred in restricting his cross-examination of the state's principal witness and in denying his request for a jury instruction defining the meaning of the word "sale." We affirm.

■ At trial, Herrera sought extensive cross-examination of the state's undercover agent, Dean W. Price, Sr. Price had participated in the controlled buy of alcohol that resulted in the charges against Herrera. In his proposed cross-examination, Herrera sought to establish that Price was biased. The district court restricted Herrera's cross-examination of Price in several different respects. Herrera contends that the district court's rulings deprived him of the opportunity to fully confront and cross-examine the state's chief witness to establish his bias.

Even assuming, however, that the district court erred in its evidentiary rulings, the error would be harmless beyond a reasonable doubt. *Love v. State,* 457 P.2d 622 (Alaska 1969). Herrera's own testimony at trial appears to have been substantially similar to that given by Price; on appeal, Herrera fails to note any significant discrepancies between the factual account given by Price and that presented in his own testimony.

■ Both Herrera and Price agreed that Price gave Herrera $45 in cash and that, in return, Herrera agreed to obtain a case of beer with the money. Both Price and Herrera further agreed that Herrera was to give Price three six-packs and was to keep a six-pack for himself for his effort. Herrera's position at trial, however, was that the transaction was not a "sale" because he had merely "made a run" for Price—that is, he had acted merely as Price's purchasing agent by buying beer from a third party and delivering it to Price. Although there was apparently some dispute over whether the $5 that Herrera retained from the transaction was intended as profit or had been contemplated to pay his cab fare, there was no dispute as to the sequence of events involved in the transaction. The prosecution did not dispute that Herrera had initially received money from Price and used $40 of the money to obtain beer for Price from a third party. Thus, Price's testimony supported Herrera's claim that he was acting as a purchasing agent. For his part, Herrera did not dispute that he had agreed to receive a six-pack of beer as consideration for the transaction. To the extent that there was any significant difference between the evidence presented by the prosecution and the defense at trial, that difference appears to have related not to the credibility of Price's factual account, but rather to the prosecution's characterization of the transaction between Herrera and Price as a "sale."

Under these circumstances, it appears that Herrera would be subject to conviction even if his account of the transaction were fully accepted. Herrera's sole defense to the charge against him was that he had in effect acted as Price's purchasing agent by serving as a go-between for Price and an

unspecified third-party seller. In *Kinegak v. State*, 747 P.2d 541 (Alaska App.1987), this court, as a matter of law, rejected the purchasing agent defense to the unlicensed sale of alcoholic beverages. It follows that Herrera's own version of the transaction, even if fully accepted, would not have entitled him to an acquittal. Herrera did not assert below, nor does he argue on appeal, that he was compelled to testify in his own defense as a result of the trial court's restrictions on cross-examination of Price. There is, accordingly, no basis for concluding that the trial court's restriction on the cross-examination of Price contributed to Herrera's conviction.

◼ Our rejection of the purchasing agent theory of defense in *Kinegak* is similarly dispositive of Herrera's argument with respect to the trial court's rejection of the proposed instruction defining "sale." [1] Under *Kinegak*, Herrera's proposed definition of "sale" was incorrect as a matter of law, because it required a transfer of title from Herrera to Price. We find no error in the trial court's failure to give any instruction defining a sale, since the ordinary meaning of the word is widely known and within the grasp of average jurors. *See Linne v. State*, 674 P.2d 1345, 1354 (Alaska App.1983).

The conviction is AFFIRMED.

---

1. Herrera proposed the following jury instruction on the definition of "sale":

   "Sale" means the transfer of title to intoxicating liquor by an agreement, otherwise valid, from one party to another, for some consideration. In order to show a sale of an intoxicating liquor in this case, the State must prove the following beyond a reasonable doubt:

   (1) That "Manny" Herrera had title to the intoxicating liquor which was transferred from him to another;

   (2) That "Manny" Herrera received money as consideration for that intoxicating liquor; and

   (3) That there was mutual intent to be bound by an agreement.

   *See* Annotation, *What Constitutes "Sale" of Liquor in Violation of Statute or Ordinance*, 89 A.L.R.3d 559 (1979).