**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**William S. FARRIS, Defendant–Appellant.**

**No. 89CA0809.**

Colorado Court of Appeals, Div. V.

Jan 17, 1991.

Rehearing Denied Feb. 14, 1991.

Certiorari Denied July 9, 1991.

protest and permitted Richards to preserve the issue of jurisdiction for appeal.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Andrew C. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, William S. Farris, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of unlawful sale or distribution of cocaine. We affirm.

Defendant contends that the trial court erred when it ruled that the "procuring agent" defense was not available to him as an affirmative defense and refused to instruct the jury as to that defense. We disagree.

Defendant was charged with and convicted of sale and distribution of cocaine, a class 3 felony, in violation of § 18–18–105, C.R.S. (1986 Repl.Vol. 8B). The jury was properly instructed concerning the charge as well as statutory definitions of "distribute," "deliver," and "sale."

Under the predecessor to § 18–18–105, a general statute provided broadly and comprehensively that it was unlawful for any person to "manufacture, possess, have under his control, receive, sell, buy, conceal, prescribe, administer, dispense or compound any narcotic drug ... or to conspire to commit any of the acts [so] prohibited." *See* C.R.S.1963, 48–5–2 ("soft sale" statute). The penalty statute then in effect provided, pursuant to C.R.S.1963, 48–5–20(2)(b), a general penalty for any violation of § 48–5–2, with a harsher penalty to be imposed for certain of those activities collectively called "hard sale offenses" that required proof of the perpetrator's specific intent to induce and aid another person to unlawfully use and possess the drug. *See* C.R.S.1963, 48–5–20(1) and 48–5–20(2)(c); *People v. Pratt,* 191 Colo. 362, 553 P.2d 70 (1976); *People v. Bourg,* 191 Colo. 309, 552 P.2d 504 (1976).

Because § 48–5–2 defined such a broad range and variety of illegal activities, and because of the disparate sentencing that could be imposed for "hard sale" offenses, it was then required that offenses be charged with particularity so as to specify the crime being charged and the potentially applicable penalty. For example, simple possession, simple sale, or purchase of a narcotic drug were each violative of § 48–5–2, and each carried a penalty from two to 15 years confinement for a first offense. C.R.S.1963, 48–5–20(2)(b). However, possession of a narcotic for sale or the sale of such a substance, coupled with an intent to induce or aid another unlawfully to use or possess the same (a hard sale offense), carried a penalty from 10 to 20 years for a first offense pursuant to C.R.S. 1963, 48–5–20(2)(c).

Under that former statutory scheme, the "procuring agent" defense was available to a person charged with sale or conspiracy to sell a narcotic drug. The theory behind the defense was that a defendant who acted exclusively as an agent for a buyer could neither be a seller nor a conspirator to a sale. Rather, such a person would be subject only to being charged, convicted, and penalized as a buyer or a conspirator to a

purchase. *People v. Fenninger*, 191 Colo. 334, 552 P.2d 1018 (1976).

However, even prior to the decision in *Fenninger*, our supreme court had rejected a "procuring agent" defense sought to be raised by a defendant charged with dispensing a dangerous drug under 1969 Perm.Supp., C.R.S.1963, 48–8–2(2)(a). The court reasoned that the word "dispensing," like the word "distribution," covered the whole range of "conduct related to the unauthorized traffic in drugs." *People v. Dinkel*, 189 Colo. 404, 541 P.2d 898 (1975).

Thus, viewed in the light of the *Dinkel* ruling, the *Fenninger* "procuring agent" rule must be limited in its application to persons charged specifically with a sale of, or conspiracy to sell, narcotics under the statutes then in effect.

Subsequent to our supreme court's decisions in *People v. Dinkel, supra,* and *People v. Fenninger, supra,* the General Assembly enacted comprehensive changes in the laws related to controlled substances. *See* Colo.Sess.Laws 1981, ch. 128 at 707 et seq. (Colorado Controlled Substances Act). This legislation introduced revised definitions for criminal offenses related to unauthorized drug trafficking. *See* Colo.Sess. Laws 1981, ch. 128, at 730 (now codified with later amendments in § 18–18–105, C.R.S. (1986 Repl.Vol. 8B)).

Section 18–18–105(1)(a), C.R.S. (1986 Repl.Vol. 8B), provides that: "[I]t is unlawful for any person knowingly ... to manufacture, dispense, sell, or distribute, with or without remuneration ... a controlled substance...." As used in this statute: " '[D]istribute' means to deliver a controlled substance...." Section 18–18–102, C.R.S. (1986 Repl.Vol. 8B) and § 12–22–303(12), C.R.S. (1985 Repl.Vol. 5). The term " '[s]ale' includes a barter, an exchange, or a gift, or an offer therefor ... whether as the principal, proprietor, agent, servant, or employee." Section 18–18–103(1), C.R.S. (1986 Repl.Vol. 8B).

Thus, while § 18–18–105(1)(a) uses both the words "sale" and "distribute" to define methods by which the statute may be violated, those words no longer have distinct legal meaning or effect. Both are words used to describe an exchange involving the unauthorized delivery of a controlled substance.

Accordingly, although the information here charged defendant with "sale and distribution" of a controlled substance, and although the verdict found that he "sold or distributed" such a substance, only one offense was charged and found sustained. Under these circumstances, we conclude that, inasmuch as the trial court properly instructed the jury as to the elements of the crime of sale or distribution of cocaine and as to the pertinent definition of distribution, its refusal to instruct on the "procuring agent" defense was not error.

The cases relied upon by defendant in support of his argument all involved charges for sale or conspiracy to sell narcotic drugs under the old statute rather than for distribution of drugs after the enactment of the Colorado Controlled Substances Act in 1981. We conclude that those cases are distinguishable under the rationale expressed in *People v. Dinkel, supra,* which has now been formally codified in § 18–18–110, C.R.S. (1990 Cum. Supp.).

The judgment is affirmed.

JONES and REED, JJ., concur.