Opinion by
MR. JUSTICE ERICKSON.
Richard Lambert, the appellant, was convicted by a jury of criminal impersonation (section 18-5-113(l)(e), C.R.S. 1973), and theft (section 18-4-401, C.R.S. 1973). On appeal, he asserts three grounds for reversal. Our review of the briefs and the record satisfies us that reversible error did not occur. Therefore, we affirm.
First, the appellant contends that section, 18-5-113( 1 )(e), C.R.S. 1973, is unconstitutionally vague and overbroad. This contention was answered in People v. Gonzales, 188 Colo. 272, 534 P.2d 626 (1975), and requires no further discussion.
The second issue on appeal relates to the sufficiency of the evidence to sustain the jury’s verdict on the charge of criminal impersonation. We will review the facts briefly in this opinion, but the record contains substantial evidence to establish the appellant’s guilt beyond a reasonable doubt. People v. Bennett, 183 Colo. 125, 515 P.2d 466 (1973); see also People v. Brown, 193 Colo. 120, 562 P.2d 754 (1977).
The crucial facts are these: The prosecution established that an electric Timex watch was purchased at Montgomery Ward, taken to the purchaser’s pickup truck, and left in the cab by the purchaser. The pickup truck was subsequently broken into, and the watch and other items were stolen. The purchaser returned to Montgomery Ward and recognized the watch in the display case. The clerk advised the purchaser that the watch had been returned for a refund. The appellant was the person that had obtained the refund while using false identification. The description of the appellant was sufficient to enable the police officers to make an arrest. When the appellant was placed under arrest, he claimed that he had found the watch and offered to take a lie detector test. He admitted having returned the watch to Montgomery Ward for a refund.
The concatenation of the circumstances tied the appellant to the theft of the watch and its return for a refund and constituted proof of the impersonation charge. There was sufficient evidence to create a factual issue for the jury as to the defendant’s guilt as to both charges, and we will not substitute our judgment for that of the jury.
The third ground for reversal is that error occurred when the trial judge refused to permit defense counsel to ask the investigating police *423 officer whether the appellant had requested a polygraph test and whether a test had been given. The sole evidence in the record to support the claim that the appellant requested a lie detector test appears as part of an in camera hearing that was held to determine the voluntariness of the appellant’s statement to the investigating police officer. The statement was made after he had been taken into custody and after he had been given the Miranda warning. The voluntariness of the statement was stipulated to by appellant’s counsel. The appellant’s statement to the investigating officer was self-serving and had no special indicia of truthfulness. The statement, under the circumstances, lacked probative value and was properly excluded.
Accordingly, we affirm.
MR. JUSTICE HODGES, MR. JUSTICE GROVES, and MR. JUSTICE LEE concur.