OPINION OF THE COURT
Rockwell D. Colaneri, J.
The defendant is charged with criminal impersonation in the second degree in violation of subdivision 1 of section 190.25 of the Penal Law and moves to dismiss the information for legal insufficiency, for pretrial hearings and to restore bail.
In order for an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by nonhearsay allegations of such information and/or any supporting depositions (CPL 100.40, subd 1, par. [c]). Moreover, the allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, must provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information (CPL 100.40, subd 1, par [b]). It is also essential that the factual part of the information contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges (CPL 100.15, subd 3).
In the case at bar, the defendant is charged with violating subdivision 1 of section 190.25 of the Penal Law which states that
*754 “A person is guilty of criminal impersonation in the second degree when he:
“1. Impersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another”.
Thus, a key element of the crime is the impersonation of another, coupled with an intent to obtain a benefit, or injure or defraud another person. The factual allegations of the information herein read as follows: “The defendant did operate a 1976 GMC truck NY Reg 9118-RU N/B on Straight Path in the Town of Babylon NY and was stopped for a traffic infraction, the defendant, knowing that his drivers license was revoked did give your deponent the wrong date of birth in order to deceive the officer, the computer, and the courts. The defendant did state his date of birth as 3/21/59 and did watch as your deponent prepared three traffic tickets with the wrong date of birth.”
Thus, it is apparent that nowhere in the factual part of the information is it alleged that the defendant impersonated another person. The accusatory instrument merely states that the defendant gave the police officer an erroneous date of birth. Moreover, although there do not appear to be any cases prosecuted under this statute which are based upon similar facts, case law supports this court’s conclusion that the factual allegations of the information herein are insufficient.
In People v Gaissert (75 Misc 2d 478), where the defendant gave a false name to a police officer, the court held that falsely identifying oneself to a police officer does not amount to criminal impersonation unless the name given is a real person. It is evident that the gravamen of the offense is holding oneself out as some other specific individual. Certainly an allegation that the defendant herein provided the police officer with a wrong date of birth fails to state the crime charged. Accordingly, the information is insufficient on its face and must be dismissed, and that part of the defendant’s motion which requests certain pretrial hearings is denied as moot.
*755 The defendant’s motion to restore bail is also granted, the People consenting thereto.