The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Glen Edward JONES, Defendant–Appellant.

No. 90CA0941.

Colorado Court of Appeals, Div. IV.

Sept. 24, 1992.

Rehearing Denied Oct. 22, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Katherine M. Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Dorian E. Welch, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Glen Edward Jones, appeals from the judgment of conviction of five counts of criminal impersonation entered after a bench trial. He contends that the evidence was insufficient to support his conviction because use of an incorrect social security number does not, without more, constitute impersonation of another person. Under the particular circumstances here, we agree and reverse.

Section 18–5–113(1), C.R.S. (1986 Repl. Vol. 8B) provides, in part, that a person is guilty of criminal impersonation if he "knowingly *assumes a false or fictitious identity* or capacity ... with intent to unlawfully gain a benefit for himself...." (emphasis supplied)

Defendant was charged in five counts with violating this statute. Each count specifically alleged that he assumed a "false and fictitious identity or capacity, to wit: The defendant falsely used social security number 312–62–2561" with the intent to obtain an advantage to himself. This pleading failed to specify any other manner in which defendant assumed a different persona.

The evidence established that the defendant, then a resident of Chicago, became interested in attending Colorado Northwestern Community College in 1986. He submitted an application for admission in which he gave his proper name and other accurate personal information, except to the extent outlined below.

In order to attend the college, defendant applied for and received a number of student loans which he used for his education. As was stipulated at the trial, defendant used an incorrect social security number on all of the applications for student loans as well as on all of the promissory notes evidencing those loans. The evidence disclosed that the number used by him was correct except for the transposition of three numbers and that he had uniformly used the same incorrect number on various occasions for other purposes in the immediate past. He applied for all loans in his own proper name, and all promissory notes were, likewise, executed in his proper name.

In addition, defendant also represented that his parents were deceased and that he had never attended another college. Both these representations were false. However, evidence of these representations was admitted solely to establish defendant's intent. Under the People's information, such representations were not relied upon as being a part of the means by which defendant assumed a false or fictitious identity or capacity.

Hence, in determining the sufficiency of the evidence here, the issue that we must decide is whether, under the factual circumstances disclosed by this record, defendant's use of an incorrect social security number, by that fact alone, caused him to assume a "false or fictitious identity" within the meaning of the statute. Until 1971, the predecessor of the current criminal impersonation statute required, *inter alia,* that the individual "falsely impersonate another." *See* C.R.S.1963, 40–17–1(a). In that year, the provision was amended, *see* Colo.Sess.Laws 1971, ch. 121, § 40–5–113 at 436, based upon both the statute as it had previously existed and upon revisions to the Michigan Criminal Code prepared by the Michigan bar. *See* Michigan Revised Criminal Code § 4055 (Final Draft, Sept. 1967) (Committee Commentary) and C.R.S. 1963, 40–5–113 (1971 Perm.Supp.) (Revisor's Comments). Consistent with the Michigan proposal, the effect of this amendment, among others, was to replace the phrase "falsely impersonate another" with "assumes a false or fictitious identity or capacity."

In construing the meaning to be given the phrase, "assumes a false or fictitious identity," our task is to give effect to the intent of the General Assembly. And, in determining its legislative intent, it is proper to consider the language of the statute itself, as well as its history, *Bynum v. Kautzky,* 784 P.2d 735 (Colo.1989), giving

the statutory terms their commonly accepted and understood meaning. *People v. District Court,* 713 P.2d 918 (Colo.1986).

■ The common meaning of the phrase, "assumes a false or fictitious identity" is to hold oneself out as *someone* that he or she is not. It requires the assumption of the identity of another person, whether that other person is real or fictitious.

This interpretation finds support in the committee commentary to the Michigan proposal in which it was specifically noted that the words "false identity" were adopted from the statute now codified as N.Y. Penal Law § 190.25 (McKinney 1988) and was designed to cover "the impersonation of another person 'with intent to gain a pecuniary benefit for himself....'" Michigan Revised Criminal Code, *supra,* at 282.

In *People v. Danisi,* 113 Misc.2d 753, 449 N.Y.S.2d 874 (N.Y.Dist.Ct.1982), the New York court addressed the issue whether an accused, who allegedly gave a police officer a false date of birth to prevent discovery of the fact that his driver's license had previously been revoked, could be charged with criminal impersonation under a statute that prohibited any person from "impersonating another." N.Y. Penal Law § 190.25(1) (McKinney 1988).

In determining that the information there was insufficient on its face to support the charge of criminal impersonation, the *Danisi* court explained that "the gravamen of the offense is holding oneself out as some other specific individual." It concluded, therefore, that the giving of a false date of birth, without more, did not constitute the impersonation of another person.

■ Here, defendant's use of a false social security number was in conjunction with a loan application in which that number was but one of several items of identifying information that was requested. And, defendant supplied accurate answers to a number of the personal questions asked. Information with respect to his social security number was not the sole, identifying fact.

Under such circumstances, we conclude that the failure to provide an accurate social security number was not equivalent to the assumption of another persona, as alleged in the information. While there may well exist circumstances in which a person's social security number is the sole or primary identifying fact so that a false representation respecting that number would, in fact, constitute the assumption of a false persona, such is not the case here.

In other instances in which a prosecution under the criminal impersonation statute has been reviewed, the evidence established that the defendant did, in fact, assume another's identity. *See People v. Lambert,* 194 Colo. 421, 572 P.2d 839 (1978) (obtaining a refund by impersonating real purchaser); *People v. Horkans,* 109 Colo. 177, 123 P.2d 824 (1942) (assumption of identity of another to take civil service examination); *People v. Borrego,* 738 P.2d 59 (Colo. App.1987) (providing fictitious name and address to police officer to avoid arrest).

It is true that in *People v. Gonzales,* 188 Colo. 272, 534 P.2d 626 (1975), the defendant used his real name to obtain a money order made out to another person. In doing so, however, he represented that he was that other person's husband. Therefore, irrespective of whether he assumed another identity in that instance, it is clear that he assumed a false "capacity," which the statute also expressly prohibits.

We conclude, therefore, that the evidence of defendant's use of a false social security number, while it may have demonstrated his perpetration of another crime, *see* § 18–4–401, C.R.S. (1986 Repl.Vol. 8B) (theft may be committed by "deception"), did not establish his guilt of the crime of impersonation.

The judgment is reversed.

MARQUEZ and NEY, JJ., concur.