The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Richard Burton BAUER, Defendant–Appellant.

No. 02CA0600.

Colorado Court of Appeals, Div. IV.

July 3, 2003.

Certiorari Denied Dec. 8, 2003.*

Ken Salazar, Attorney General, Anthony J. Navarro, Assistant Attorney General, Denver, Colorado, for Plaintiff Appellee.

Miller & Steiert, P.C., Andrew J. Contiguglia, Littleton, Colorado, for Defendant Appellant.

Opinion by Judge NIETO.

Defendant, Richard Burton Bauer, appeals the judgment of conviction entered after a trial to the court finding him guilty of twenty counts of criminal impersonation. We affirm.

Defendant was admitted to the practice of law in Colorado in 1966. In 1999, under C.R.C.P. 251.8, he was immediately suspended from the practice of law pending resolution of charges that he had violated the Colorado Rules of Professional Conduct. Defendant filed an affidavit with the supreme court, affirming that he had complied with the order of suspension and the requirements of C.R.C.P. 251.28, which includes a prohibition against accepting any new retainer or employment as an attorney in any new case or legal matter. *See* C.R.C.P. 251.28(a), (d).

However, defendant maintained his law office and continued to represent clients after his license to practice law had been suspended, without informing the clients of that fact. He also charged fees and accepted payment from these clients for the legal work he performed.

The Attorney Regulation Counsel issued a contempt citation to defendant for his continued practice of law in violation of the suspension order. *In re Bauer*, 30 P.3d 185 (Colo. 2001). Nonetheless, defendant continued to represent clients.

Defendant was subsequently charged with twenty counts of criminal impersonation, a class six felony under § 18–5–113(1)(e), (2), C.R.S.2002. The charges against defendant alleged that he had knowingly assumed the false capacity of an attorney licensed to practice law in the State of Colorado. After a trial to the court, defendant was found guilty on all counts and sentenced to two years probation, ninety days in county jail, and payment of restitution.

■ Defendant's sole contention on appeal is that the evidence does not support the charges as a matter of law. Specifically, he argues that an attorney who continues to practice law after his license has been suspended has not assumed a false capacity, as prohibited by § 18–5–113(1)(e), because any misrepresentation went to the status of his license to practice law and not to his capacity as an attorney. We disagree.

Section 18–5–113(1)(e) provides: "A person commits criminal impersonation if he *knowingly assumes a false or fictitious* identity or *capacity, and in such* identity or *capacity* he ... [d]oes any other act with intent to unlawfully gain a benefit for himself or another or to injure or defraud another" (emphasis added).

When interpreting a statute, our primary responsibility is to determine the intent of the General Assembly. *Martin v. People*, 27 P.3d 846, 851 (Colo.2001). Legislative intent should be determined from the plain and ordinary meaning of the statutory language whenever possible. *Mason v. People*, 932 P.2d 1377, 1378 (Colo.1997); *People v. Vinson*, 42 P.3d 86, 87 (Colo.App.2002). If the statutory language unambiguously sets forth the legislative purpose, we need not apply additional rules of statutory construction to determine the statute's meaning. *See Martin v. People, supra.*

Here, the term "capacity" is not defined in the statute. However, one of the common meanings of "capacity" is "legal qualification, competency, power, or fitness." *Webster's Third New International Dictionary* 330 (1986). "Capacity" is also defined as "[t]he role in which one performs an act." *Black's Law Dictionary* 199 (7th ed.1999).

Despite defendant's assertion that his suspension went only to the status of his license,

we nevertheless conclude that his conduct in continuing to represent himself as an attorney and performing legal work when he was aware that he had no valid license to do so amounts to the assumption of a false or fictitious capacity for purposes of the criminal impersonation statute.

Our research has not disclosed any Colorado case directly on point. Nor are we convinced by defendant's argument that *People v. Jones*, 841 P.2d 372 (Colo.App.1992), supports his position here. In *Jones*, a division of this court concluded that the use of an incorrect Social Security number on a loan application, without more, did not amount to the assumption of a false or fictitious *identity* that would sustain a conviction for false impersonation.

However, the division in *Jones* focused on the identity component of the criminal impersonation statute, not on the capacity element at issue here. Indeed, the division specifically cited *People v. Gonzales*, 188 Colo. 272, 534 P.2d 626 (1975), in which the defendant used his real name to obtain a money order made out to another person by falsely representing that he was that other person's husband. The *Jones* division concluded that "irrespective of whether [Gonzales] assumed another identity in that instance, it is clear that he assumed a false 'capacity,' which the statute also expressly prohibits." *People v. Jones, supra*, 841 P.2d at 374.

A license to practice law is statutorily required in this state. Any person representing that he or she is an attorney while lacking a valid license can be punished for contempt of the supreme court for the unauthorized practice of law. *See* §§ 12–5–101, 12–5–112, C.R.S.2002; *Binkley v. People*, 716 P.2d 1111, 1114 (Colo.1986)("lawyer" refers to a person who, having been licensed to practice law in Colorado, can appear on behalf of a party in court and practice as an attorney according to the laws and customs of the State of Colorado during good behavior).

We reject defendant's position that one has the capacity to act as an attorney without holding a current and active license to do so. In our view, possessing the knowledge and skill to perform the functions of an attorney is not the equivalent of the capacity to act as an attorney. "No person shall be permitted to practice as an attorney- or counselor-at-law ... without having previously obtained a license for that purpose from the supreme court." Section 12–5–101.

Once defendant's license was suspended, he no longer had the legal qualifications to act in the capacity of an attorney. He was not allowed to represent clients or appear before the courts of this state. *See* C.R.C.P. 251.28.

Thus, by continuing to practice and holding himself out to the public as an attorney without disclosing the suspension of his license, defendant assumed the false capacity of a licensed attorney. While defendant argues that "false or fictitious ... capacity" refers only to persons who have never obtained a law degree or license, the plain meaning of the term "capacity" does not support such a restrictive reading.

■ Moreover, to be found guilty of criminal impersonation, one not only must assume a false capacity, but also must have the intent to gain a benefit unlawfully. Here, defendant billed clients and received payment for legal work that he was not licensed to perform. Under these circumstances, defendant's receipt of legal fees was unlawful. *See* § 12–5–115, C.R.S.2002. Thus, the requirements of the statute were met.

■ We also reject defendant's contention that his unlicensed practice of law was subject only to the disciplinary powers of the supreme court. Conduct that violates the Rules of Professional Conduct may also violate criminal statutes. *See People v. Buckles*, 167 Colo. 64, 453 P.2d 404 (1968)(recognizing that conduct can result in both criminal and attorney discipline sanctions); *People v. Howard*, 147 Colo. 501, 364 P.2d 380 (1961)(drawing distinction between attorney disciplinary proceedings and criminal or civil actions).

Therefore, the judgment is affirmed.

Chief Judge DAVIDSON and Judge GRAHAM concur.