**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Felix MONTES–RODRIGUEZ,**
**Defendant–Appellant.**

No. 07CA0578.

Colorado Court of Appeals,
Div. III.

March 5, 2009.

John W. Suthers, Attorney General, Alexander C. Reinhardt, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Susan L. Foreman, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Felix Montes–Rodriguez, appeals the judgment of conviction entered on a jury verdict finding him guilty of criminal impersonation. We affirm.

After becoming aware that someone was using her Social Security number, the victim ordered a credit report, which showed that defendant had used it on a credit application for a car loan. When confronted by a detective investigating the victim's complaint, defendant admitted using a false number that had been given to him by a friend. Later, at the police station, defendant made a written statement admitting to having used the number in obtaining employment and a loan for the purchase of a car.

At trial, the finance director from the car dealership testified that he met with defendant and handled the paperwork relating to the loan application. The application for the loan requested numerous forms of identifying information, including name, address, employment status, and Social Security number. Based on the information that defendant had provided, the finance director had extended him credit. Except for the Social Security number, all the information defendant had provided was accurate.

## I.  Criminal Impersonation

■  Defendant asserts that the trial court erred in denying his motion for judgment of acquittal. He asserts that the prosecution's evidence established conduct that does not constitute criminal impersonation under section 18–5–113(1)(e), C.R.S.2008. We disagree.

When the trial court rules on a motion for judgment of acquittal, the issue is "whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *People v. Gonzales,* 666 P.2d 123, 127 (Colo.1983) (quoting *People v. Bennett,* 183 Colo. 125, 130, 515 P.2d 466, 469 (1973)).

In applying the substantial evidence test, the court must give the prosecution the benefit of every reasonable inference that might fairly be drawn from the evidence. *People v. Brassfield,* 652 P.2d 588, 592 (Colo.1982).

Section 18–5–113(1), C.R.S.2008, provides, in pertinent part: "A person commits criminal impersonation if he knowingly assumes a false or fictitious identity or capacity, and in such identity or capacity he ... (e) Does any other act with intent to unlawfully gain a benefit for himself or another or to injure or defraud another."

Defendant relies on *People v. Jones,* 841 P.2d 372 (Colo.App.1992), to support his argument that his use of another person's Social Security number under these circumstances does not constitute criminal impersonation. His reliance on that case is misplaced.

The defendant in *Jones* applied for and received a number of student loans. He applied for all loans using his own proper name, but he transposed portions of his Social Security number. As here, the defendant in *Jones* was charged with criminal impersonation in violation of section 18–5–113. In finding that proof the defendant used a false Social Security number was not enough to prove he assumed a "false or fictitious identity," the *Jones* division sug-

gested that the common meaning of that phrase is "to hold oneself out as someone that he or she is not" and "requires the assumption of the identity of another person, whether that other person is real or fictitious." *Jones,* 841 P.2d at 374.

Here, even if we accept defendant's argument that he did not assume the identity of the victim, that conclusion is not determinative. *Jones* did not address whether the defendant had assumed a false capacity. One of the common meanings of capacity is legal qualification, competency, power, or fitness. *People v. Bauer,* 80 P.3d 896, 897 (Colo.App.2003).

Here, the evidence, viewed in the light most favorable to the prosecution, indicates that defendant used a Social Security number that he knew was not his own with intent to gain the benefit of a loan to purchase a car. In so doing, defendant knowingly assumed a fictitious capacity. The finance director testified that defendant could not have obtained a loan without providing a Social Security number. By providing a Social Security number, defendant impliedly asserted his power or fitness to obtain the loan, and his ability to work legally in this country, and thereby repay it. Because defendant knew that the information was false, and because he furnished it to obtain a benefit he could not otherwise have obtained, he violated the portion of the statute that prohibits the assumption of a false or fictitious capacity.

Accordingly, we conclude that the evidence is sufficient to support defendant's conviction.

## II. Exclusion of Evidence

Defendant asserts that the trial court's rulings excluding his character witness and an exhibit depicting his niece's Social Security number violated his due process right to present a defense. We disagree.

A trial court is accorded considerable discretion in deciding questions concerning the admissibility and relevancy of evidence, its probative value, and any prejudicial impact. We review a trial court's rulings on evidentiary issues for an abuse of discretion. A trial court abuses its discretion only when its ruling is manifestly arbitrary, unreasonable, or unfair. *People v. Ibarra,* 849 P.2d 33, 38 (Colo.1993).

### A. Character Witness

■ CRE 404(a)(1) provides, in pertinent part, as follows:

Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) Character of accused. In a criminal case, evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same....

■ Courts have interpreted the word "pertinent" to be synonymous with "relevant." *People v. Miller,* 890 P.2d 84, 91 (Colo.1995). Evidence is relevant when it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. CRE 401; *People v. Gibbens,* 905 P.2d 604, 607 (Colo.1995). Accordingly, whether a character trait is "pertinent" depends upon whether the trait in question would make any fact of consequence to the determination of the case more or less probable than it would be without evidence of the trait. *Miller,* 890 P.2d at 92.

■ Section 18–5–113(1) prohibits assuming a "false or fictitious identity or capacity." We agree with defendant that by its nature, the charge of criminal impersonation involves fraud and dishonesty, because assuming a false or fictitious identity or capacity is equivalent to lying about one's identity or status. Defendant's character for truth and veracity was thus pertinent to the charge. *See Edgington v. United States,* 164 U.S. 361, 363, 17 S.Ct. 72, 73, 41 L.Ed. 467 (1896) (where defendant was charged with a crime of falsifying, it was error to exclude testimony offered to show his general reputation for truth and veracity).

Here, evidence of defendant's character for truthfulness could have been pertinent with respect to whether he assumed a "false or fictitious identity or capacity." However, be-

cause defendant *admitted* to using a Social Security number he knew was not his own, any evidence about his character for truthfulness was irrelevant in that respect. Testimony with respect to defendant's character for truthfulness would not have made any fact of consequence to the determination of the case more or less probable than it would be without evidence of that trait.

Accordingly, the trial court did not abuse its discretion in excluding this testimony.

## B. Niece's Social Security Card

■ A detective testified at trial that defendant's niece's Social Security number was very similar to the number defendant used at the car dealership. Defense counsel asked the detective if he agreed that the correlation between the numbers indicated that defendant had manipulated his niece's number rather than illegally obtaining the victim's. The prosecutor objected on relevancy grounds and the trial court sustained the objection and rejected the exhibit depicting the niece's number.

Defendant argues that the evidence was relevant because it made it more probable that he had manipulated the numbers to arrive at a false number without knowing that the number he gave was actually assigned to another specific person. Defendant also contends that such evidence was relevant because it undermined the prosecution's proof that he knowingly assumed the victim's persona. We disagree.

As previously noted, section 18–5–113(1) prohibits assuming a "false or fictitious identity or capacity." The use of the word "fictitious" makes it clear that the legislature did not intend the crime of false impersonation to be limited solely to those instances where an actual person is impersonated. The division in *Jones* recognized this when it held that the common meaning of the phrase "false or fictitious identity" is "to hold oneself out as someone that he or she is not," "whether that other person is real or fictitious." *Jones,* 841 P.2d at 374.

Because defendant admitted to using a Social Security number not his own, the issue of whether or not he knew to whom the number actually belonged is irrelevant. Hence, the trial court did not abuse its discretion in excluding this evidence.

## III. Cross–Examination

Defendant asserts that the trial court's limitations on the cross-examination of the victim regarding her biases, prejudices, and ulterior motives for testifying violated his Confrontation Clause rights. We disagree.

■ The trial court has discretion to determine the scope and the limits of cross-examination, and absent a showing of an abuse of that discretion, we will not disturb its ruling. *People v. Ray,* 109 P.3d 996, 1001 (Colo.App.2004).

■ The right to confront witnesses is guaranteed by the Sixth and Fourteenth Amendments and includes the opportunity for effective cross-examination. *People v. Hendrickson,* 45 P.3d 786, 788 (Colo.App. 2001). It is constitutional error to limit excessively a defendant's cross-examination of a witness regarding the witness's credibility. *Id.* Nevertheless, the trial court has wide latitude to place reasonable limits on cross-examination based on concerns about such factors as confusion of the issues or interrogation that would be repetitive or only marginally relevant. *Id.* The trial court must exercise its discretion to preclude inquiries that have no probative value, are irrelevant, or are prejudicial. *Id.*

Here, defendant asserts that the trial court improperly limited his cross-examination of the victim on two occasions: first, when defense counsel intended to ask the victim why she refused to speak to him before trial and, second, when defense counsel attempted to introduce evidence that the victim believed she had been victimized by the police department. Defense counsel argued that the evidence was relevant to show the victim's bias. The trial court sustained the prosecutor's objections, finding that the evidence was irrelevant. We agree with the trial court.

■ Defendant admitted to using a Social Security number not his own in order to get a job and apply for a loan. Accordingly, it was irrelevant whether or not the victim was biased against him. It is not constitu-

tional error to exclude irrelevant evidence. *Cf. People v. Saiz,* 923 P.2d 197, 203 (Colo. App.1995) (trial court's latitude in limiting cross-examination allows exclusion of marginally relevant testimony).

The judgment is affirmed.

Judge RUSSEL concurs.

Judge J. JONES dissents.

Judge J. JONES dissenting.

I respectfully dissent from the majority's holding that the evidence was sufficient to convict defendant of criminal impersonation. In my view, defendant's mere use of a Social Security number not belonging to him along with substantial other information accurately identifying him was not sufficient, under the circumstances of this case, to prove beyond a reasonable doubt that he "knowingly assume[d] a false or fictitious identity or capacity" as is required to sustain a conviction under section 18–5–113, C.R.S.2008.

I disagree with the majority's conclusion that defendant assumed a false or fictitious capacity. Initially, I note that the People do not even argue that defendant's conviction can be upheld on this basis. In any event, I disagree with the majority's rationale.

The majority reads *People v. Bauer,* 80 P.3d 896 (Colo.App.2003), too broadly. The division in that case essentially equated "capacity" with legal status, a definition consistent with the commonly understood meaning of the term in this context. *See Webster's Third New International Dictionary* 300 (2002) (capacity means "a legal qualification, competency, power, or fitness"); *see also Black's Law Dictionary* 220 (8th ed.2004). The defendant in Bauer falsely claimed to be a licensed attorney—a legal status required before a person may practice law in this state.

The *Bauer* division's interpretation of the term "capacity" does not equate every trait with those having a distinct legal status. Except perhaps as to claiming Social Security benefits, possessing a Social Security number does not give a person a legal status that he or she would not possess absent possession of a Social Security number, in contrast to, say, a law license or a driver's license.

I disagree with the majority's conclusion that "[b]y providing a Social Security number, defendant impliedly asserted his power or fitness to obtain the loan, and his ability to work legally in this country, and thereby repay it." That conclusion is based on erroneous or otherwise questionable underlying assumptions or conclusions. First, it equates giving any information required to obtain a loan with assuming a legal status. In my view, that stretches the concept of "capacity" too far. Second, it assumes both that the lender assumes a person who has a Social Security number has the right to work in the country and that the lender therefore assumes the applicant can repay the loan. There is no evidence in the record to support the majority's assumptions as to why the Social Security number was required.

Because I disagree with the majority's holding that defendant assumed a false or fictitious capacity, I must also address the People's contention that the evidence was sufficient to find defendant guilty because he assumed a false or fictitious identity. I conclude that it was not.

In *People v. Jones,* 841 P.2d 372 (Colo.App. 1992), a division of this court held that assuming a false or fictitious identity within the meaning of a predecessor to section 18–5–113 is "to hold oneself out as someone that he or she is not [and requires] the assumption of the identity of another person, whether that other person is real or fictitious." *Id.* at 374 (emphasis omitted). The division further concluded that the defendant's mere use of a false Social Security number in conjunction with a loan application containing several accurate items of identifying information was insufficient to establish culpability under the statute. *Id.* In the past seventeen years, the General Assembly has not seen fit to change this holding by legislation.

I agree with the *Jones* division's conclusion that the mere use of a false Social Security number in these circumstances does not amount to assuming a false or fictitious persona. In this context, a "false" identity refers to an actual person not the defendant. A "fictitious" identity refers to a person who does not exist. In using the false Social

Security number here, defendant was not claiming to be another person, real or fictitious. In light of the totality of the information provided, which included only one item of false information (the Social Security number), defendant did not seek the loan pretending to be anyone other than himself; the loan application merely ascribed to defendant a Social Security number that was not his. Though a false Social Security number can be used to establish a false identity, it does not follow that using a false Social Security number necessarily establishes a false identity.

All this is not to say that defendant's use of a false Social Security number was necessarily lawful. Defendant may well have violated a number of federal and state laws. *See, e.g.,* 18 U.S.C. § 1014 (making it a crime to make a false statement in seeking a loan from certain financial institutions); § 18–5–209(1)(a), C.R.S.2008 (making it a crime to issue a false financial statement with the intent to defraud); § 18–5–902(1), C.R.S.2008 (making it a crime to knowingly use or possess another's personal identifying information without permission to obtain credit). However, he did not claim a "capacity" that he did not have nor did he impersonate someone else. Therefore, he did not violate section 18–5–113. I would reverse his conviction and remand for the entry of a judgment of acquittal. Because I would reverse defendant's conviction, I would not address defendant's evidentiary arguments.